## MARGARET S. CLOPP v. A. H. MEAR ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued March 31, 1890—Decided April 14, 1890.

In an action for negligence, there being evidence that the defendants'
store had two entrances, which, when the outer doors were closed, were
of like appearance; that one entrance was specially intended for cus-
tomers, but just within the other was a hatchway; that, the outer door
of the latter entrance being unfastened, the plaintiff, unfamiliar with
the arrangements, entered, as a customer, and fell through the hatch-
way, left open and unguarded, and was injured; in such case, the
questions of the defendants' negligence and of the plaintiff's contribu-
tory negligence were properly submitted to the jury.

Before STERRETT, GREEN, CLARK, WILLIAMS and MITCH-
ELL, JJ.

No. 135 January Term 1890, Sup. Ct.; court below, No. 381
March Term 1886, C. P. No. 4.

On May 19, 1886, Margaret S. Clopp brought trespass for
negligence, resulting in personal injuries, against Alfred H.
Mear and others, trading as Mear Bros. & Co. Issue.

At the trial on November 1, 1887, it was shown that on
January 15, 1886, the plaintiff, with a lady friend, went into
Second street for the purpose of making purchases of china-
ware. Reaching the store of the defendants, the plaintiff saw
the articles she desired in a bulk-window, and, as she opened
a door to enter, she fell through an open hatchway and was
seriously and permanently injured. The arrangement of the
doors and the position of the hatchway appear fully in the
opinion of this court.

At the close of the testimony, the court, THAYER, P. J.,
charged the jury in part as follows:

The defendants request the court to charge the jury:

1. If the plaintiff attempted to enter the store of defendants
in any other way than that provided by them, which resulted
in the injury for which she complains, the defendants are not
responsible and the verdict must be for them.

Charge of Court below.

Answer: Refused.[1]

2. If the defendants had provided a safe and secure entrance into their store building, through which persons doing business with them could pass in safety, and it was sufficient to enable the plaintiff to avoid the accident, then she was guilty of negligence, and cannot recover.

Answer: Refused.[2]

3. Under all the evidence in this case, the verdict must be for the defendants.

Answer: Refused.[3]

I need not say to you that a man who keeps a store for the sale of goods, extends a general invitation to the public, to everybody who has business in his line and who wants to deal with him, to come in there; and every person who wants to purchase goods which he keeps has a right to go in there. His keeping the business is an invitation to everybody who wants to buy, to come in there and buy. And doors are made in stores for the purpose of going into stores; that is the object of a door, ordinarily.

Now there were two doors in this place. There was one door which was a safe door, behind which there was nothing; and there was another door behind which was this hatchway. Was there anything in the door at which the plaintiff entered, to warn her that it was not a safe door to enter at. Could she see from where she stood, when upon the step or elsewhere, that there was a hatchway behind it? Was she guilty of any lack of prudence or care in going into that door? In other words, was she guilty of any contributory negligence that contributed to bring about this accident? Because, as has been argued, if the accident resulted partly from the negligence of the plaintiff herself she cannot recover. Now was Mrs. Clopp guilty of any negligence? That depends upon whether there was anything there which would naturally warn her that it was an unsafe door to go in at. Was there any sign, or anything in the appearance of the door, which would operate as a caution to a person of ordinary prudence not to enter there? Unless there was some indication to put her upon her guard not to enter there, she had a right to enter. If there were signs or indications which would indicate to a man of reasonable care that it was dangerous to enter there, then she had no right to enter there.

These are the facts you have to determine. The only duty of the court is to instruct you upon the law bearing upon them. The first question in the case is, were the defendants guilty of any negligence? It is argued that they had a right to have the hatchway there. Of course, they had that right, but of course, equally also, it was their duty to guard that hatchway against accidents to strangers entering the store. And if they did not guard it in some proper manner, and if the plaintiff was not guilty of negligence in going in there, then you should find a verdict for the plaintiff, Mrs. Clopp. Now what was the duty of the defendants? Was it their duty to put a watch there, to caution people against going in there when the hatchway was open? Or, to keep the door locked when the hatchway was open, so people could not walk in there and walk into a hole to death or dismemberment? Now, I leave all the evidence to you which relates to that subject, and you are to find whether this accident was caused by the defendants' negligence. If you find it was, and that no negligence was attributable to her, you are to find a verdict for the plaintiff; otherwise, for the defendants.

If you should find a verdict for the plaintiff, the only question that remains is what damages you will find. . . . .

The jury returned a verdict for the plaintiff for $3,500. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendants took this appeal, specifying that the court erred:

1-3. In the answers to the defendants' points.[1 to 3]

*Mr. Joseph L. Tull,* for the appellants.
Counsel cited: Sweeney v. Railroad Co., 10 Allen 373; King v. Thompson, 87 Pa. 365; Proctor v. Harris, 4 C. & P. 337; Barnes v. Sowden, 119 Pa. 53; Sykes v. Packer, 99 Pa. 465; Huey v. Gahlenbeck, 121 Pa. 238; Gramlich v. Wurst, 86 Pa. 74; Schilling v. Abernethy, 112 Pa. 437.

*Mr. E. Hunn Hanson,* for the appellee.

OPINION, MR. JUSTICE STERRETT:
In view of the evidence, this was not only a clear case for submission to the jury, but it was scarcely possible for them to

Opinion of the Court.

come to any other conclusion than that the defendants were chargeable with negligence, in leaving the hatchway open and unguarded and thereby causing the serious injury that was sustained by the plaintiff.

It appears from the evidence that defendants' store, on the west side of Second, north of Arch street, had two entrances, which presented the same appearance when the outside doors were closed, as was the case on the day that plaintiff was injured. Between these doors or places of entrance was a bulk window, in which articles of chinaware, queensware, etc., were displayed. The northerly entrance was intended for purchasers, and when the outside door was open it revealed an inside door, on the side of which was an enameled plate with the word "push" painted on it; but, when all the outer doors were closed, as they were on the day plaintiff fell into the hatchway, both entrances were externally alike, as to size, shape, appearance, etc., and about equally inviting to any one, not familiar with the premises, wishing to enter the store. In front of both was a marble slab, forming a step from the sidewalk. Immediately behind the southerly door or entrance, and within a few inches of the door-sill, was a hoistway eight or ten feet square. When not in use, a trap-door, flush with the floor, covered the opening into the cellar, and those connected with the store used it as a passageway and entrance. When the hoistway was in use, the trap-door was up,—not across the entrance, but at right angles thereto. The front door was usually locked; but, on the day of the accident the hoistway had been used, and the men had gone to another part of the store, leaving it open and the front door unlocked. The plaintiff and her friend, passing the store, saw in the window an article which one of them wished to purchase. Mrs. Clopp opened the southerly door, and, taking the entering step to the store, plunged headlong into the cellar, about twelve feet in depth, and sustained injuries which, as the evidence tends to show, were of a very serious and permanent character.

On the evidence, tending to prove the foregoing and other facts, the case was fairly submitted to the jury in a clear and comprehensive charge, in which the law applicable to the case was very fully and distinctly stated. The attention of the jury was specially directed to the questions of negligence and

Statement of Facts.

contributory negligence, upon which they were directed to pass in making up their verdict, and they were correctly instructed as to the law applicable thereto.    In short, there was no error in any of the instructions contained in the very lucid and able charge of the learned president of the court below.    It is unnecessary to notice specially any of the assignments of error. Neither of them can be sustained without ignoring principles that have been so long and thoroughly well settled as to admit of no reasonable doubt.    The case hinged solely upon questions of fact, which were carefully submitted to the jury, and which they appear to have disposed of according to the manifest weight of the evidence.

Judgment affirmed.