### M. W. SAVAGE FACTORIES, Inc., v. PARKER.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1923.)

No. 6273.

1. Negligence ⬤➞136(26)—Contributory negligence of customer falling through trapdoor held for jury.

In an action for injury to a customer, who fell through an open, unguarded, trapdoor in the floor of the rear room of a store, whether plaintiff was contributorily negligent *held* a question of fact for the jury.

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Negligence ⬤➣136(15)—Whether customer was impliedly invited to rear room of store held for jury.**

In an action for injury to a customer, who fell through an open, unguarded, trapdoor in the floor .of the rear room of a store, *held*, that the question whether there was an implied invitation to go to such room was for the jury.

**3. Negligence ⬤➣136(15)—Whether customer was expressly invited to rear room of store held for jury.**

In an action for injury to a customer, who fell through an open, unguarded, trapdoor in the floor of the rear room of a store, whether the customer was expressly invited to go into the back room by the clerk in charge of the store, *held* properly submitted to the jury.

**4. Appeal and error ⬤➣1033(5)—Charge as to authority of store clerk held favorable to employer.**

In an action for personal injury to a customer, who fell through an open, unguarded, trapdoor in the floor of the rear room of a store, a charge leaving it to the jury to determine whether the clerk, who was in sole charge of the store at the time, had authority to invite plaintiff into the rear room, *held* to be favorable to defendant.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action at law by Cora Parker against the M. W. Savage Factories, Incorporated. Judgment for plaintiff, and defendant brings error. Affirmed.

M. H. Boutelle, Le Roy Bowen, and A. H. David, all of Minneapolis, Minn., for plaintiff in error.

Humphrey Barton, of St. Paul, Minn., for defendant in error.

Before STONE, Circuit Judge, and MORRIS and FARIS, District Judges.

MORRIS, District Judge. This is an action for damages for personal injury alleged to have been caused by the negligence of the defendant (plaintiff in error here). In the trial court plaintiff (defendant in error here) had a verdict, and judgment was entered thereon. By this writ of error defendant seeks to reverse that judgment.

The complaint alleged in substance that on or about the 9th day of March, 1921, defendant was engaged in carrying on a store at Elk River, Minn., known as the M. W. Savage Community Store; that on or about that day plaintiff had occasion to go and did go to that store as a customer, and that while in the store she had occasion, in the transaction of her business therein, to go to the office in the rear room of said store; that while on her way to said office she fell into the basement through an opening in the floor, and was injured, by reason of the fact that defendant had carelessly and negligently allowed a trapdoor covering said opening to be and remain open, and had carelessly and negligently failed to provide guards or guard rails for said trapdoor when the same was open, and had carelessly and negligently failed to have the place at and about said trapdoor properly and adequately lighted.

Defendant, by its answer, makes a general denial of the allegations of the complaint, except that it admits that it owned and operated the store, and alleges that the injuries sustained by the plaintiff, if any,

⬤➣For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

were due to her own negligence. At the close of the testimony in chief for the plaintiff, and also again at the close of all the testimony offered in the case, the defendant moved the court for a directed verdict in its favor, and it is upon the refusal of the court to grant this instruction that defendant bases the assignments of error upon which it has here principally relied. It may be said here, as to the other instructions requested and refused, and upon which errors are assigned, that they are, so far as they ought to have been given, sufficiently and correctly given in the general charge of the court.

[1] The evidence offered shows that on the day in question, about 1 o'clock in the afternoon, plaintiff, accompanied by a Miss Edna Barrett, went to the store of defendant for the purpose of returning or exchanging an article of merchandise which her husband had bought there a day or two before. She had never been to the store before, and knew only one of the employees working there, a Mr. Keays, with whom she wished to talk about the matter.

The store was an ordinary grocery store, situated in a small building, fronting south on the street about 18 feet and running back about 32 feet. The interior of the store was divided into two rooms, the front or south one being somewhat the larger, by a partition of shelving boarded on the back and extending to within about 2½ feet from the ceiling; the shelves opening towards the front room. The front room was the part of the store in which the business with customers was carried on, being equipped with counters and the other things usually found in such stores, and the back room was used for the storing and keeping of surplus merchandise. There was an opening in the partition between the two rooms, near the west side, called by some of the witnesses an archway, one of the shelves extending entirely over the top of the opening. This opening had no door in it, and no curtain or curtains covering it. It was about as high as an ordinary door, and the part of it not taken up at this time by some boxes of merchandise extending a few feet from the floor, which had been placed in it on the right-hand side, was about 2 feet wide. This opening was used, and intended to be used, only by the employees of the store in going back and forth between the two rooms; but there was no notice to that effect, and no warning against its use by others. When the plaintiff and her companion entered the store, there was only one employee in the front room, a Miss Fern Smith, a clerk or saleswoman for defendant. She was at the time behind the counter on the west side of the room, waiting on a customer. This clerk was not at that time known to the plaintiff.

The only part of the evidence in which there is any substantial conflict between witnesses is as to what was said and done at this time. Plaintiff and her companion, Miss Barrett, testified that plaintiff inquired of Miss Smith for Mr. Keays, and was told by her that he was in the office in there, pointing or motioning toward the opening in the partition, and telling her to go in there. Miss Smith, called for defendant, testified that plaintiff asked where Mr. Keays was, and she answered, "He is in the back room, eating his lunch," and that nothing further was said; that she went on wrapping up her package, and plain-

tiff started toward the back room. Oscar E. Moberg, a witness called for defendant, who was talking to the customer for whom Miss Smith was putting up the order, testified that the plaintiff asked Miss Smith for Mr. Keays, and that she answered he was in the back room, eating lunch, and that, so far as he knew and heard, that was all that was said. Immediately following this conversation, plaintiff entered the back room by the opening through the partition and, seeing Mr. Keays and a Mr. Roberts, who was at that time the manager of the store, sitting by a table in the northeast corner of the back room, eating lunch, proceeded towards them, going through aisles or openings between the boxes and bags of merchandise that were piled on the floor. While thus going toward them, she fell into an opening in the floor in which there was a stairway leading to the basement below, the trapdoor of which had been left open, and around which there were no guard rails, and was injured. The day was cloudy, and there was only one window in this back room, about 3 by 6 feet in size, by which it was lighted.

The question of plaintiff's contributory negligence was, under all the evidence, clearly one of fact for the jury, under proper instructions by the court, and it was not seriously contended on the argument here but that such instructions were given by the learned trial judge. We are clearly of the opinion that they were.

[2] The assignments of error based upon the refusal of the court to direct a verdict for defendant rest upon the contention that, the court having charged that plaintiff could only recover if she was, as to the back room, an invitee, there was no evidence to justify a finding that she was such invitee, either express or implied. This contention is, we think, completely answered by that part of the charge of the court, in which we entirely concur, wherein the learned trial judge says:

"Now, it appears from the evidence in this case that the defendant was a shopkeeper at the time and place in question, and that the plaintiff was a customer when she entered the store of the defendant. A shopkeeper impliedly invites customers to come into his store for the purpose of transacting business with him. He may also expressly invite customers to come upon his premises. The shopkeeper is held by law to the duty of using ordinary care to maintain his premises in a reasonably safe condition for such customers as may come upon the premises. And in this case, upon the undisputed facts, the defendant must be held to have extended an implied invitation to the plaintiff to come into the defendant's store to transact any business she had with the defendant. But, while the shopkeeper is held to extend an implied invitation to customers to come upon the premises, this does not necessarily mean that the invitation extends to all parts of the premises which may be occupied by the defendant. There may be portions of the premises to which customers are not invited. Just to what portions of the premises customers are impliedly invited depends upon all of the facts and circumstances of each particular case, and in this case it is for the jury to determine the question whether there was an implied invitation to the plaintiff to go into the back room of this store that was being operated by the defendant.

"In determining this question, you will consider all of the facts and circumstances disclosed by the evidence bearing upon the matter; the location of the two rooms in the store with respect to each other; the means of passing from one room to the other; the absence of any door closing the opening between the two rooms; the absence of any sign in reference to admission to the back room; the fact, if you find it to be a fact, that the clerk, in talking to the plaintiff, referred to the back room, or a portion of it, as the 'office.'

On the other hand, you should consider the appearance of this back room as one passed through the passageway. You should consider the piles of various kinds of merchandise, covering almost the entire floor of this back room. You should consider the absence of any counters, such as are commonly found in stores where customers are invited and expected to do business. These and all other matters disclosed by the evidence should be considered by you carefully and fully in determining this question whether the plaintiff had an implied invitation to enter into this back room.

"Now, it is also claimed by the plaintiff that there was an express invitation by the defendant to plaintiff to enter this back room. This claim is based upon what happened when the plaintiff entered the store of the defendant. There is testimony on behalf of the plaintiff tending to show that the plaintiff asked the clerk in the front room where Mr. Keays, the other clerk, was, and that the clerk answered in substance, 'He is in the office,' and pointed to the back room. Another witness in behalf of the plaintiff testifies, in substance, that the clerk said, 'He is in the office, right back there,' and pointed to the back room. On the other hand, testimony on behalf of the defendant is in substance to the effect that the clerk said, in answer to the plaintiff's question where Mr. Keays was, 'He is in the back room, eating lunch,' and that this is all that was said.

"Now, gentlemen, it is for you to say what was said and done by the plaintiff and the clerk when the plaintiff entered the store, and then it is for you to determine, from all of the facts and circumstances, whether what was said and done by the clerk was an express invitation by the clerk to the plaintiff to enter the back room. It is claimed by the defendant here that the clerk had no authority from the defendant to extend any invitation to the plaintiff to enter this back room. The defendant is a corporation, and a corporation can act only through agents. An agent may do acts which are not binding upon the company, because the agent was not authorized to do the acts. But an agent's authority to do an act need not be expressly conferred. In this case it appears from the evidence—and I think is uncontradicted—that the defendant had three employees in the store; that at the time plaintiff entered the store one of these employees was in the front room, and the two others in the back room; that the clerk in the front room was busy waiting on a customer; that the plaintiff entered the store as a customer, desiring to transact business with the defendant through the clerk, Keays; that the clerk in the front room either told plaintiff, in answer to her inquiry as to where Mr. Keays was, that he was in the back room, or told her that he was in the office. It does not appear that there was any separate office room, but that letters, etc., were written on a table, in the corner of this back room. It appears that the plaintiff had never been in this store before. Now, if, in addition to these facts and circumstances, you find from the evidence, and by a fair preponderance thereof, that the clerk did tell the plaintiff to go into the back room, and if you in like manner, from all of the evidence, find that the plaintiff believed, and was justified in believing, that the clerk had authority to direct the plaintiff into this back room, and if you in like manner find that a reasonably prudent person under the same circumstances would have been justified in believing that the clerk had such authority, then you would be justified in finding that the plaintiff was expressly invited by the defendant to enter this room; otherwise, not.

"So that, gentlemen, if you find, upon a full and fair consideration of all of the evidence in the case bearing upon the matter, and by a fair preponderance thereof, that there was either an implied invitation or an express invitation by the defendant to the plaintiff to enter this back room, then the defendant owed to the plaintiff a duty while she was there to use ordinary care to keep the premises in a reasonably safe condition. If you fail to find from the evidence that the plaintiff had either an express or an implied invitation to enter the back room, then you need consider no further question in the case, but your verdict should be for the defendant. But if you do find from the evidence, and by a fair preponderance thereof, that the plaintiff did have an invitation, express or implied, to enter the back room, then you will take up further questions in the case."

[3, 4] In view of the only substantially contradictory evidence in the case, it was clearly a question of fact for the jury as to whether Miss Smith expressly invited plaintiff to go into this back room, and the court could not err in leaving it to them. And we are inclined to the opinion that the court might, instead of leaving it to the jury to be determined as a question of fact, have charged as a matter of law that Miss Smith, in view of her relation to the defendant, of her duty to deal with customers, of her seeming to be in sole apparent charge, there being no other employee or person connected with the business in the business room, and, indeed, in view of all the circumstances and the entire situation, had authority to extend the invitation and bind the defendant thereby. At least there was no error in leaving it to the jury, certainly not an error of which defendant could be heard to complain.

The cases cited by plaintiff are based upon facts so essentially different from these here that we deem it unnecessary to discuss and distinguish them.

Our conclusion, therefore, is that the judgment should be affirmed.