Jones, J.
 

 This is an unusual case. Counsel for plaintiff in error frankly admit “that the plaintiff’s case is based largely upon circumstantial evidence.” Plaintiff below produced no eyewitness to the accident, save the defendant, who was called for the purpose of cross-examination. The only evidence offered that might give rise to an inference of actionable negligence on the part of the defendant was that of the witness Barbee, who testified that after the crash he saw a Buick sedan going southwardly at the rate of forty or fifty miles per hour. The defendant and Miss McG-owan both testified that the rate of speed
 
 *498
 
 did not exceed between twenty and twenty-five miles per bonr. However, should the testimony of Barbee be taken as true on the question of speed, and that of the two occupants of the car disregarded, we find other proven facts in the record that furnish reasonable inferences that the decedent’s conduct may have proximately and directly caused his injuries. If the occupants of the car saw the deceased, as they testified they did, before they reached the crossing, so also could the deceased have seen the approaching lighted car before and at the time he was struck by it. The facts proven without dispute are that no marks appeared upon any of the front part of the car or upon the front fender, and that the decedent was struck as he collided with the left side of the passing car. The fact that the left front window glass was shattered and a dent made in the frame, together with the fact that the coroner testified that the right side of the decedent’s face and head were gashed, give rise to strong inferences that the decedent either walked or stumbled into the side of the sedan. If his negligence produced the injury, or if the negligence of both defendant and plaintiff combined to produce the injury, the plaintiff cannot recover. No testimony was offered tending to rebut or explain the presumption of decedent’s negligence, arising at the conclusion of plaintiff’s testimony and also at the close of the entire evidence. It therefore became the duty of the court to sustain the motions of the defendant below for a directed verdict in his favor.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Whitacre,
 
 35 Ohio St., 627;
 
 Baltimore & O. Rd. Co.
 
 v.
 
 McClellan,
 
 
 *499
 

 Admx.,
 
 69 Ohio St., 142, 68 N. E., 816;
 
 Maddox
 
 v.
 
 Columber,
 
 114 Ohio St., 178, 151 N. E., 56.
 

 While the jury may indulge in reasonable presumptions in regard to the proximate causes of an accident, it cannot guess or speculate in respect to such causes. Where the issue presented to it is whether the negligence proximately causing the accident was that of the defendant or of the plaintiff, or of both combined, and the evidence in that respect, including such presumptions, stands in equipoise, or is more favorable to the defendant, it becomes the jury’s duty to return a verdict for the defendant. Here are presented much stronger features necessitating a directed verdict than those in
 
 Youngstown & Suburban Ry. Co.
 
 v.
 
 Faullc,
 
 118 Ohio St., 480, 161 N. E., 530. In this case, as in that, there was no evidence justifying the jury in returning a verdict against the defendant for wanton or willful negligence.
 

 The jury returned a general verdict for the defendant. Since the case made by the plaintiff failed for lack of proof, and as we hold that the verdict should have been directed for the defendant, no prejudicial error intervened in respect to the charges of the court. The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, O. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.