THE NATIONAL REFINING CO. *v.* STRICHMAKER.

(Decided November 20, 1934.)

*Messrs. Burt, Kinnison, Carson & Shadrach,* for plaintiff in error.

*Messrs. Adelman & Adelman* and *Mr. E. L. Mills,* for defendant in error.

LEMERT, J. A brief statement of the facts in this case is as follows: On the evening of August 18, 1932, Helen Strichmaker with a friend named Foley, and two other persons, left her home for an automobile ride. They proceeded out the Canton-Massillon High-

way to a filling station and lunch room known as Shepherd's Haven, about half way between Canton and Massillon. The record discloses that Foley bought the plaintiff below a coca-cola, and upon inquiry of the young man in charge of the station as to the location of the women's toilet, was informed that it was around to the rear of the building. This information was passed on to plaintiff below, Helen Strichmaker, who then left the automobile and set out in search of the toilet.

The building at this station was a square structure situated in the center of a fairly large tract of land, with considerable space on all sides. The automobile in which these young people were riding was parked on the west side of the grounds, and when plaintiff below left the car she proceeded northwardly along the west side of the grounds and around the north or rear side of the building and then on to the east side. The toilets at this station were of the outdoor type, and were located a considerable distance back of the building, in a picnic ground or tourist camp. Plaintiff proceeded along the east side of the building, and finding a door on said east side of the building, which she assumed might be the entrance to the toilet, she opened it. This door was well above the level of the ground and was approached by three outside steps. It was closed and latched, although not locked, and was not marked or designated in any way.

Plaintiff's own testimony was to the effect that it was quite dark on the east side of the building and that she turned the knob or latch on the door and pushed it open, and, standing on the sill or top step, reached into the dark and felt around, trying to locate a light or cord. She had never been on the premises before. According to the record, the next thing she knew she had fallen down a flight of steps into the basement. Plaintiff brought suit to recover, prayed

for damages in the sum of $3,000, and the jury rendered a verdict in her favor in the sum of $300.

Error is prosecuted to this court, plaintiff in error urging two grounds of error. No motion for new trial was filed, and no reversal or new trial is asked. Plaintiff in error is asking for final judgment for the following reasons: First, a verdict for the defendant should have been directed on the ground of contributory negligence; second, the verdict should have been directed on the ground that plaintiff was not an invitee.

From an examination of the record in this case we find that the facts are really not in dispute. Miss Strichmaker's conduct as set forth in the statement of facts hereinbefore given is admitted in her testimony in chief, and in her cross-examination she says that when she turned the knob and pushed the door open she could not see a thing; in fact, could not see a foot ahead of her. Miss Strichmaker further says that she had never been there before and had no reason to expect to find a light cord, except that such things were sometimes found in such toilets.

From these admitted facts it seems clear to us that giving these facts their most favorable interpretation, reasonable minds could come to but one conclusion, and that is that this young woman who saw fit to go into a strange place and open a closed and unmarked door, and who stood on the threshold, reached into empty space and utter darkness, to grope around until she fell down a flight of steps in which no defect is claimed to exist, certainly contributed in some degree to her injury.

These facts having been admitted, and having come from the plaintiff herself, we are of the opinion that a verdict should have been directed upon the motion which was made at the conclusion of her testimony, and renewed at the end of the case. In support of this holding we cite *Buell, Admx., v. N. Y. Cent. Rd. Co.,*

114 Ohio St., 40, 150 N. E., 422; *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 160 N. E., 629; *Michalec, Admr.,* v. *Hutchinson,* 123 Ohio St., 494, 176 N. E., 79.

From an examination of the whole record we are of the opinion that the actions and conduct of the plaintiff below were the sole cause of her injuries, and that she was not free from fault. Entertaining these views upon the motion for a directed verdict on the grounds of contributory negligence, we find and deem it unnecessary to pass upon the second alleged ground.

*Final judgment for plaintiff in error.*

SHERICK, P. J., and MONTGOMERY, J., concur.