Christman et al., Appellants, *v.* Segal.

88

Argued November 12, 1940.

Before Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Albert G. Prutzman,* of *Balliet, Seidle & Prutzman,* for appellants.

*Ben Branch,* for appellee.

OPINION BY HIRT, J., January 30, 1941:

The wife plaintiff, a customer in defendant's department store, was injured in falling into an unguarded stairway to the basement, while following one of defendant's clerks who was directing her to a toilet. The verdicts in favor of both plaintiffs were set aside and judgments entered for defendant n. o. v. We believe the circumstances impose liability upon the defendant.

This plaintiff was lawfully on the premises as an invitee. As such, the defendant owed her the duty to use due care for her protection and to keep the premises in a reasonably safe condition for the uses and purposes of the invitation. Defendant was not an insurer of her safety against injury but his duty could be discharged only by the exercise of reasonable care. "Defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors such as plaintiff, and of giving warning of any failure to maintain them in that condition" and plaintiff was justified in assuming that defendant had performed this duty. *Kulka v. Nemirovsky,* 314 Pa. 134, 170 ǀA. 261; *Vetter v. Great A. & P. Tea Co.,* 322 Pa. 449, 185 A. 613; Restatement, Torts, §343. "All the authorities agree that it is incumbent upon the owner of premises upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended": *Nettis v. Gen. Tire Co. of Phila. Inc.,* 317 Pa. 204, 177 A. 39. These principles are especially applicable to department stores where goods are attractively exposed on all sides for the very purpose of diverting attention to them. *Weir v. Bond Clothes Inc.,* 131 Pa. Superior Ct. 54, 198 A. 896; *Bloomer v. Snellenburg,* 221 Pa. 25, 69 A. 1124.

Plaintiff went into defendant's store with her four-

teen year old daughter; she bought a dress and then inquired of the clerk "whether they had a toilet in the place and she said we should follow her." The clerk went ahead and plaintiff and her daughter followed. They walked along a main aisle to about 20 feet of the rear of the store and then, still following the clerk, turned left into a cross aisle. The toilet room was located along the east wall of the building near the end of this cross aisle with a doorway on a line with the aisle on plaintiff's left. The door was 28 inches wide and directly across the aisle there was a drop door hinged on the side nearest plaintiff as she approached, which when closed formed part of the floor. The trap door was then open against a table or rack displaying shoes which completely obscured it from plaintiff's view as she approached. The opening served as access, by means of a stairway, to the basement below. The hole in the floor was 2 feet 8 inches wide along the line of the aisle and 6 feet long. Abutting the opening along the east and south walls of the building there were shelves filled with merchandise. The distance between the opening into the basement, on one side of the aisle and the closed door of the toilet room on the other, was but 32 inches.

From the testimony, which we must accept because of the verdicts, it appears that when plaintiff following her guide reached the toilet room, the door suddenly opened across the aisle in front of her and a boy emerged carrying an ironing board and to avoid him she took one step backward and fell down the steps to the concrete floor below. There was no guard rail across the opening and, if we give plaintiff the benefit of the most favorable inferences from the testimony, she had no warning of the danger.

In seeking toilet facilities plaintiff was still an invitee and defendant continued to owe her the duty of reasonable care. It is commonly known that lavatory and toilet facilities are available in department stores

generally, for the accommodation of patrons and one using them does not surrender his status as an invitee, for ordinarily, such facilities are as much a part of the premises to which patrons are invited as a floor devoted to the display and sale of merchandise. This paraphrase of the language of *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, 2 A. 2d 831, adheres to its principle. Therefore, when plaintiff was conducted to the toilet room in defendant's store she had the right to assume that the facilities offered were those provided for patrons of the store generally. She was not informed, if it be the fact as defendant testified, that the toilet room in this store was maintained for the accommodation of employees only and not for patrons of the store. But even if the use was permissive merely, that fact did not affect plaintiff's status as an invitee.

From defendant's neglect to keep the trap door closed or to guard the opening, the jury properly charged the defendant with negligence. *Hudson et al. v. Church of The Holy Trinity,* 166 N. E. 306 (N. Y.); *Jacobson v. Simons,* 104 N. E. 490 (Mass.); *Thistlethwaite v. Heck,* 128 N. E. 611 (Ind.); *M. W. Savage Factories v. Parker,* 294 Fed. 455; 33 A. L. R. 208; *Clopp v. Mear,* 134 Pa. 203, 19 A. 504. Both the permission granted and the manner in which defendant's saleswoman conducted plaintiff to the toilet room were within the apparent scope of the clerk's authority, and are chargeable to defendant as his acts even though they may have exceeded the authority actually conferred. 39 C. J. 1283; *M. W. Savage Factories v. Parker,* supra; *Kelly et ux. v. Yount,* 135 Pa. Superior Ct. 528, 7 A. 2d 582. Moreover, the fact that the sudden emergence of the boy with the ironing board caused plaintiff to step back into the opening does not relieve defendant for "where a defendant is guilty of negligence, which causes an injury, and the plaintiff is free from negligence contributing thereto, the fact that the negligence [or innocent act] of a third person also contributed does not relieve the

defendant from liability for his negligence": *Fehrs et al. v. McKeesport,* 318 Pa. 279, 178 A. 380; Restatement, Torts, §439.

Passing the question of the effect of plaintiff's failure to see the opening as she approached it, the question of her negligence in stepping into the cellarway in an emergency suddenly presented by the boy emerging from the room was one for the jury. "The fact that the plaintiff is acting in an emergency not created by his own antecedent negligence is a factor to be taken into account in determining whether his conduct is free from contributory negligence": Restatement, Torts, §470. The comment following this section indicates that the principle is applicable though the emergency was created by the innocent or wrongful act of a third person.

On the question of plaintiff's contributory negligence, defendant makes much of an excerpt from her testimony to the effect that in walking to the toilet room she followed the clerk and relied upon her and did not give attention to conditions in that part of the store. Her testimony as a whole qualifies that statement; she saw and accurately described the general character and arrangement of merchandise and the shelving, racks and tables upon which it was displayed in the neighborhood of the cellarway but did not observe the opening. As she approached, this cellarway was obscured on plaintiff's right by the shoe rack or table against which the open trap door rested; the opening did not extend into the aisle. Plaintiff's guide preceded her to a point beyond this rack and both of them stopped in front of the closed toilet room door with the cellarway immediately behind them. The door was 28 inches wide, hinged on the far side; the width of the aisle to the edge of the opening was 32 inches and the door opening outward across the aisle left only 4 inches of clear space.

It seems clear that whether plaintiff should have observed the open cellarway on approaching it, was under

the circumstances a question for the jury. The unguarded opening was so concealed by the shoe rack that it could be seen only from the narrow aisle in front of the toilet room door. The walls on two other sides of the cellarway were covered with shelves of merchandise which were accessible only when the trap door was closed. One observing the shelves would be inclined to assume a floor in front of them. One is not required to exercise as high a degree of care in watching his steps in the aisle of a department store as when traveling on a highway. *Weir v. Bond Clothes Inc.,* supra; *Bloomer v. Snellenburg,* supra. Plaintiff, as instructed, was following defendant's employee acting with apparent authority and she had the right to assume that the clerk would not lead her into danger without warning. Her failure to see and guard against the danger, in view of the verdict, was not negligence under the circumstances. *Reid v. Linck,* 206 Pa. 109, 55 A. 849.

Judgments reversed and judgments are directed to be entered on the verdicts.