Bauhof et ux., Appellants, *v.* Adair.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Joseph S. Lord, 3rd,* with him *Richter, Lord & Farage,* for appellants.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine & Stokes,* for appellee.

Opinion by Ross, J., January 8, 1948:

This is a trespass action to recover for personal injuries sustained by the wife plaintiff when she fell down a stairway leading from defendant's restaurant and taproom to the basement thereof. The jury returned a verdict for the plaintiffs, the court below entered judgment for defendant n. o. v., and the plaintiffs—husband and wife—have taken these appeals.

On September 20, 1940, at about 11 p.m., the wife plaintiff, Mary Bauhof, hereinafter referred to as the plaintiff, accompanied by her husband, entered the defendant's restaurant and taproom in Philadelphia. They were served refreshments, and after they had been in the defendant's place of business some 45 minutes, the plaintiff found it necessary to go to a ladies' rest room. While she was sitting at the table being served, she noticed an unmarked door which pushed inward, was unlocked and dark. Assuming this to be the ladies' rest room, she rose from the table, walked across the room, pushed in the door and took one step. Realizing later that she was on the first step of a flight of stairs which was unlighted and was dark in front of her, she groped about to find a light and finding none, turned to leave the space by the same door through which she had entered. In turning to leave, her foot slipped off what proved to be the top step of a flight of cellar steps, and she fell to the floor of the basement and sustained the injuries for which this action was brought.

The plaintiff was bound to present a case which disclosed that she exercised due care or was free from negligence. *Adams v. Gardiner,* 306 Pa. 576, 160 A. 589; *Brungo v. Pgh. Rys. Co.,* 132 Pa. Superior Ct. 414, 200 A. 893; *Christ v. Hill Metal & Roofing Co.,* 314 Pa. 375, 171 A. 607. The lower court entered judgment n. o. v. on two grounds: the plaintiff was contributorily negligent, and no negligence on the part of the defendant—who introduced no evidence—was shown. In our opin-

ion, under the evidence in this case, read in the light most favorable to her and giving her the benefit of every fact and inference of fact reasonably deducible therefrom, the plaintiff was guilty of contributory negligence as a matter of law. Consequently, it is not necessary to discuss the alleged negligence of the defendant.

On its facts, this case is clearly distinguishable from *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, 2 A. 2d 831, and *Clopp v. Mear*, 134 Pa. 203, 19 A. 504, relied upon by the plaintiff. In the *Dively* case, the plaintiff, desiring to go to a rest room, walked into an alcove over the archway of which was the sign "Ladies". She entered the alcove and saw in front of her and forming the far boundary of the alcove a screen about eight feet high, between the left end of which and the side wall of the alcove there was a narrow opening or passageway. Assuming that the accommodations she was seeking were in the rear, she passed through this opening, turned immediately to her right behind the *screen* and *at her first step* forward *was precipitated* headlong down a flight of stairs. Ordinarily these stairs were covered by a trapdoor but were not at the time of the accident. There was an unmarked door on the left side of the alcove, in front of the screen, which communicated with the ladies' rest room but plaintiff had not noticed it on entering. There was no direct light in the alcove but a subdued light was reflected in from the auditorium, enabling plaintiff to see where she was going. However, the area back of the screen was in darkness. The Supreme Court held that the question of her contributory negligence was for the jury. In the *Clopp* case, the defendants' store had two entrances, both of which entrances were externally alike as to size, shape, appearance, etc., and about equally inviting to anyone not familiar with the premises wishing to enter the store. Immediately behind one entrance and within a few inches of the door sill was an opening into the cellar which usually was

covered by a trapdoor but on the day in question was left open. The other entrance led into defendants' store. The plaintiff, attempting to enter the store, opened the wrong door, *took one step and fell into the cellar*, sustaining the injuries for which the suit was brought. This was a case of *confusion as to the proper door to use*, and the Supreme Court held that the question of the plaintiff's contributory negligence was for the jury.

In this case, according to plaintiff's testimony and a photograph introduced in evidence by her, the door through which she passed, or attempted to pass, was located between a wall telephone and a piano and opened inwardly from left to right. The door was unmarked and there was nothing to indicate that it might open into a ladies' rest room, no sign which might have misled her into believing that it was an entrance to a rest room, no confusion as to the proper door to use. She assumed, *without any basis for her assumption*, that the door—which in fact led to defendant's basement—led to a rest room. She testified: "I noticed this door by the phone booth and I noticed that it pushed in and I thought that that was the ladies' room and I got up and I walked across the room. I thought it was the ladies' room."

In the *Dively* and *Clopp* cases the plaintiffs were injured as a result of their first step into darkness. In the *Dively* case, at page 70, referring to the plaintiff, Mr. Justice STERN stated: "True, had she ventured to walk in the darkness behind the screen, such conduct might have been negligent, but her fall resulted from the first step she made as she rounded it and not from any attempt to venture across an unlit, unfamiliar area." In this case, the plaintiff testified that as she opened the door which "pushed in away" from her, she stepped down eight or ten inches, that she couldn't see and reached for a light on her left side and not finding a light switch there, turned around to the right and "reached up to see if there was a ceiling light". She

didn't find a ceiling light and then "I turned to come out of the room and it was then that I lost my footing and went to the bottom of the steps . . . on the basement floor". She testified further on direct examination: "Q. You said you *turned around to get out of that room.* Was that after you had looked for a light? A. I thought I would leave the room if I couldn't find a light. I reached and I turned at the same time and that is how I lost my balance. Q. In looking for the light, did you take any more steps? A. No, I didn't. Q. Were you turning around after you took the first step when you opened the door, or did you take any more steps? A. I only took one step. Q. And it was then that you turned around to come out? A. Exactly. I just swung my body around." Under questioning by the court she testified: "Q. You said you took *one step* after you opened the door? A. That's right. Q. Does that mean that you took one step down the stairway? A. I discovered afterwards that it was a step but I thought it was the floor at the time. Q. What you did was to step from the floor level down one step from the stairway, that is what happened, was it not? A. No, it wasn't. I swung around and as I did so my heel went over and that's what threw me off balance. *I swung around for the switch* and that's how I lost my balance and went down backwards." On cross-examination she testified: "Q. And then you turned around and as you did you lost your balance? A. *Three steps for the lights,* and I didn't find them and as I did, I lost my balance and fell down. Q. As you were going to take the step down and you felt for the switch it was dark and then you felt for the wall? A. That's right. I couldn't see anything. Q. You stepped down when you got *entirely inside the door* and you felt with your left hand for the switch? A. That's right. Q. What was in front of you was dark? A. Yes." (Italics supplied.)

The plaintiff is in a legal dilemma. If she took "three steps for the lights", if she "stepped down when she got

entirely inside the door" and when she was unable to find a light "turned to come out of the room"—it is clear that she was venturing to walk in utter darkness in an unfamiliar place and therefore negligent. Cf. *Sweeny v. Barrett,* 151 Pa. 600, 25 A. 148. See, also, cases cited in the *Dively* case, 332 Pa. 65, 2 A. 2d 831, supra, at page 69, where recovery was denied when a person wanders around in a place absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence.

If, on the contrary, the plaintiff took only "one step" when she opened the door, the door would still be open and the plaintiff's one foot would be on the floor of the restaurant which she was leaving. The darkness ahead of her should have warned her of danger and all she needed to do to return to a place of safety was to draw back the foot which she had advanced. Instead of doing that, she reached for lights along the side, and then on the ceiling—"turned at the same time . . . swung around for the switch . . . lost my balance and went down backwards"—and was injured. Under similar circumstances in *National Ref. Co. v. Strichmaker,* 49 Ohio App. 467, 197 N. E. 364, the plaintiff was held guilty of contributory negligence as a matter of law. In that case, the plaintiff in search of a toilet, on unfamiliar premises, opened a closed and unmarked door, and while standing on the sill or top step, groped around for a light or cord and fell down a flight of stairs. See, also, collection of cases in 163 A. L. R. at page 593.

A person will not be held guilty of negligence as a matter of law unless the evidence is clear and unmistakable. *Murphy v. Bernheim and Sons, Inc.,* 327 Pa. 285, 194 A. 194. Conflicts in the plaintiff's testimony were for the jury to resolve, but in any view of the case the evidence of her negligence is "clear and unmistakable".

Judgment affirmed.