## Jones, Appellant, *v.* Counties Gas & Electric Co.

*Negligence—Trench in sidewalk—Contributory negligence— Evidence—Lack of precaution.*

1. One who deliberately walks into a place which he knows or should know may be dangerous, without taking any precaution to learn the truth, takes the chance of the result and must personally abide by the consequences.

*Appeals—Harmless errors—Verdict shown to be right.*

2. If, on an appellant's own showing, the verdict of the jury was right, alleged trial errors need not be considered.

3. Harmless errors furnish no grounds for reversal.

Argued January 10, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 4, Jan. T., 1927, by plaintiff, from judgment of C. P. Chester Co., on verdict for defendant, in case of Charlotte F. Jones v. The Counties Gas & Electric Co. Affirmed.

Trespass for personal injuries. Before BUTLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*George B. Johnson,* for appellant.

*A. M. Holding,* of *Holding & Harvey,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 11, 1927:

Plaintiff appeals from the judgment entered on a verdict for defendant, in an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant in failing to properly light or guard a trench opened by it across a sidewalk on the north side of Gay Street in the Borough of West Chester. All the issues of fact raised by the pleadings and the evidence, were submitted to the jury and determined by it in favor of defendant. There are ninety assignments of error; many of them are mere repetitions; most of them violate our rules in relation to such assignments; none of them discloses anything erroneous. The facts are as follows:

Defendant, a public service corporation, was required, in the course of its business, to dig up a defective service pipe, running under the sidewalk of and leading to the house of one Wills, and to replace it with a good pipe. The trench was to the east of and immediately adjoining the steps leading from the pavement to the front door of the house. When night came defendant laid a plank walk across the trench, at the usual location for pedestrians using the sidewalk, and set in place three red lanterns, one at the curb, one on a pile of bricks opposite the front steps, and the third between those two. Plaintiff, having occasion to go to the Wills house during the evening, approached it from the west, noticed that some work was being done, saw two of the lights, but did not, at the moment, need to cross the trench. Having completed her business there, and desiring to continue her journey eastwardly, she descended the front steps, and, seeing some mud on the sidewalk in front thereof, turned abruptly to the east, stepped off the side of the steps directly into the trench,

and received the injuries for which the present suit is brought.

Defendant's evidence was to the effect that not only was due notice of the trench given by the three red lanterns, but also that it was fully lighted by a brightly burning electric arc lamp in the street, some two hundred feet further to the east.   On the other hand, plaintiff herself testified that an intervening tree obscured this light, and "when I faced east in stepping off the step, I could see nothing whatever.   In fact I couldn't have found it [the trench] except by stepping down and putting my hand down and feeling it."   No matter which of these accounts is true, plaintiff cannot recover.   If she could have seen the trench had she looked, and neglected to do so, despite the notice given by the lanterns, that neglect is fatal.   If she could not see, because of the excessive darkness at the point, then she chose to step into that darkness, at a point not frequented by pedestrians, without knowing whether or not it was safe to do so, though knowing that some kind of repair work was going on in the immediate vicinity.   Having thus chosen to take the chance of the result, she must personally abide by the consequences: Watts v. Plymouth Boro., 255 Pa. 185.

It thus being clear, on plaintiff's own showing, that she could not recover, then, even if there had been erroneous rulings made by the trial judge, they would have been but harmless errors, and hence not a ground for reversal.   In fact all that he said and did, before, during and after the trial, was correct.

The judgment of the court below is affirmed.