*Negligence—Contributory negligence—Injury to patron of theatre—Fall into cellar—Master and servant—Scope of authority.*

In an action of trespass to recover damages for injuries sustained in a theatre building the evidence disclosed that plaintiff on entering defendant's theatre asked the employe who took his ticket, to be directed to a toilet room. Following the directions given, plaintiff went to a door, opened it, took one step across the threshold and was precipitated into the cellar, and thereby injured.

Under such circumstances the question whether the employee, who had authority to give directions to arriving spectators with refer-

**486**        JAMES *v.* SMITH, Appellant.

ence to seats in a theatre, was acting within the scope of his author-
ity in directing a patron to a toilet room maintained in the building,
was for the jury.

A person who, following the directions of an employee of a
theatre, opened a door into a dimly lighted stairway and on his
first step was precipitated into a cellar, was not guilty of con-
tributory negligence as a matter of law.

Submitted April 16, 1928. Appeal No. 13, April T.,
1928, by defendant from judgment of C. P., Cambria
County, No. 554, March T., 1925, in the case of John
W. James v. Jacob F. Smith. Before PORTER, P. J.,
HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ. Affirmed.

Trespass to recover for injuries received through a
fall in a theatre building. Before REED, P. J. O. C.,
specially presiding.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $1,000 and judg-
ment thereon. Defendant appealed.

*Errors assigned* were, among others, the refusal of
binding instructions and the judgment of the court.

*F. J. Hartmann,* for appellant.

*Clarence E. Davis,* for appellee.

OPINION BY HENDERSON, J., July 12, 1928:

Two questions were involved in this case, (1) was
the defendant chargeable with negligence; (2) was
the plaintiff guilty of contributory negligence. The
negligence attributed to the defendant was that he
maintained an insufficiently lighted stairway leading
from a theatre, in which he conducted a moving pic-
ture exhibition, to the basement of the building, and
that an employee of the defendant, who took plaintiff's

ticket and admitted him to the theatre to witness the entertainment, and who appeared to be the person giving information to those coming into the building, directed the plaintiff to this stairway when the latter asked him where he could find a toilet room. The plaintiff, acting on this direction, went to the door pointed out, opened it, took one step across the threshold, and was precipitated into the cellar, thereby receiving the injuries described. The plaintiff's evidence supported the statement of claim with respect to the direction given him by the defendant's employee, the condition of the stairway, and the injury received. Three defenses were made: (1) That the plaintiff was not directed to the stairway as alleged; (2) that authority was not shown in the agent to give the instruction complained of; (3) that the defendant was guilty of contributory negligence. That the plaintiff was injured in his attempt to go down the stairway to the basement of the building is not controverted. The jury has found that the defendant's servant directed the plaintiff to the stairway as claimed by the latter, and that the servant was within the scope of his employment in so doing. The plaintiff was also acquitted of the charge of contributory negligence. The defendant asked for binding instructions, which the court refused. The only points for consideration are whether there was any evidence of authority in the defendant's representative to give the information sought for by the plaintiff, and whether the facts established make out a clear case of contributory negligence? The defendant was not present at the time when the exhibition was given. So far as appears from the testimony, his contact with the audience was through a ticket seller in the vestibule, and the employee, Stephens, who admitted patrons to the building. The latter undoubtedly had authority to give direction to arriving spectators with reference to seats in the theatre, and it was fairly a question for a jury whether the answer

given by him to the plaintiff's question was within the scope of his employment. It appears in the evidence that a toilet room in the building was out of order. This was within the knowledge of the plaintiff and for that reason he inquired with respect to another place. It is perhaps a matter of general information among visitors to these places that such accommodation is afforded to patrons, and it is not an unreasonable assumption that one having control of the admission of visitors to the room had knowledge as to the whereabouts of a toilet room, and that his engagement in the theatre would imply authority to give such ordinary information with reference to the appointments of the premises as would promote the comfort of guests. It was not the duty of the court, therefore, to give binding instructions to the jury on the question of lack of authority on the part of the agent Stephens. That must be determined as a question of fact under the circumstances of the particular case as they may raise an implication of agency from the interest of the employer in promoting the welfare and comfort of those who subject themselves to the management of his place of entertainment. No other person connected with the control of the building seems to have been within reach, and it is not pretended that at the time any other person had special authority in the premises. It was the function of the jury, therefore, to pass on the questions of the responsibility of the defendant for the act of his employee.

The question of the plaintiff's contributory negligence was very properly submitted to the jury. A moving picture was in progress. The plaintiff's evidence shows that the light was dim. He opened the door to which he was directed and in taking his first step fell into what proved to be to him a pitfall. He thought he saw a platform as he made his first move, but the construction of the stairway permitted the mistaken step. Evidence as to the condition of the

light and the opportunity for observing the construction of the stairway was introduced and the jury was given an opportunity to pass on the question of the plaintiff's negligence. The case of Leckstein v. Morris, 80 Pa. Superior Ct. 352, is not unlike that under consideration. See also Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355. The appellant's argument is not convincing in support of the position that the court should have given binding instructions for the defendant, or should have entered judgment non obstante veredicto.

The assignments are overruled and the judgment affirmed.