Dively *v.* Penn-Pittsburgh Corporation, Appellant, et al.

Argued September 29, 1938.  Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellant.

*J. I. Simon,* with him *Barney Phillips,* for appellee.

*W. A. Challener,* of *Challener & Challener,* for additional defendants.

OPINION BY MR. JUSTICE STERN, December 5, 1938:

Plaintiff, a registered nurse, went one evening with an escort to witness some boxing bouts at the Motor Square Garden in Pittsburgh. Just as the exhibition was concluding, she left her companion in order to go to the ladies' room. Seeing an archway over which was the sign "Ladies," she entered through it into a small alcove or area about five feet square. In front of her, and forming the far boundary of this little space, stood a screen, about eight feet high, of the type used in theatrical scenery; between its left end and the sidewall of the alcove there was a narrow opening or passageway. Assuming that the accommodations she was seeking were in the rear, she passed through this opening, turned immediately to her right around the screen, and at her first

step forward was precipitated headlong down a flight of stairs which, starting directly at the left end of the screen, extended downwards in a line parallel with it. Ordinarily these stairs were covered by a trap door, but this had been left open at the time of the accident. There was a door on the left side of the alcove, in front of the screen, which communicated with the ladies' room, but plaintiff had not noticed it on entering, due probably to the fact that it was of solid wood and had no sign of any kind upon it. There were no lighting fixtures, and consequently no direct light, in the alcove, but a subdued light was reflected in from the auditorium, enabling plaintiff to see where she was going; however, the area back of the screen was in darkness.

Plaintiff brought the present action against the corporate owner of the property. Defendant brought in as additional defendants the persons who had leased the Garden for the boxing exhibition, alleging that they alone were liable to plaintiff. The jury rendered a verdict in favor of plaintiff against defendant, and in favor of the additional defendants. Defendant appeals.

There are presented the two controversies usual in such cases: Did the evidence establish negligence on the part of defendant? Did it convict plaintiff of contributory negligence? As to the first of these questions, it is defendant's theory that whatever duty to plaintiff existed was on the part of the lessees. The lease was in writing. It granted the use of the Garden for every Thursday evening between specified dates, and provided that the rental should cover not only the hall but the use of the ring and all equipment and chairs. The obligation was placed upon the owner to clean the hall and erect the bleachers, chairs and ring. A separate charge was made to lessees for use of electric current. Defendant's argument is that the lessees were in possession and control of the premises when the accident occurred, that there was nothing defective in the construction of the

trap door, which was closed at the time the lessees took possession for the evening, and that, even had there been a defective condition then existing, a landlord out of possession and control is not liable for resulting injury to the tenant and to those upon the premises in the latter's right, unless such condition was concealed, and, while the landlord had knowledge thereof, the tenant was unaware of the defect and could not have discovered it by reasonable inspection: *Harris v. Lewistown Trust Co.*, 326 Pa. 145; *Hayden v. Second National Bank of Allentown*, 331 Pa. 29. On the other hand, the additional defendants point out that the likely danger caused by the presence of the trap door in close proximity to the lavatory, and without any lighting facilities in the alcove where it was situated, was one of which the lessor was bound to take cognizance, and which imposed liability upon it because the premises were leased for a purpose involving the admission of a large number of persons as patrons of the lessees: *Kane v. Lauer*, 52 Pa. Superior Ct. 467; *Folkman v. Lauer*, 244 Pa. 605.

It is not necessary to attempt here to apply the principles thus invoked, because, irrespective of them, the liability of defendant resulted from the fact that, notwithstanding the lease, it did not completely surrender control and possession of the property to the lessees. It retained upon the premises an electrician and a janitor. It was admittedly the duty and function of the former to turn the various lights on and off, and, in general, to operate the lighting system, before, during and after the exhibition. Moreover, while there was no express provision to that effect in the lease, there arose a necessary implication—considering the clause as to payment by the lessees for electric current, and the retention of the exclusive management and control of the lighting by the lessor—that sufficient light was to be furnished by it to enable the premises to be used for the purpose leased, namely, the holding of boxing exhibitions, including the

use by the patrons of the auxiliary facilities and accommodations usual under such circumstances. It was the owner's fault, therefore, that adequate light was not supplied, and this was the chief causal factor in the happening of the accident.* It was, also, the janitor, and therefore the owner, who had charge of the moving and placing of the screen and was responsible for setting it up so as to shut off the areaway from the light of the alcove and in such a position that a single step around its edge would precipitate a person into the basement if the trap door happened to be open. The learned trial judge instructed the jury, in substance, that the question of liability depended upon which party was in control. This correctly stated the governing principle of law applicable to the case, and the evidence upon that subject justified the verdict imposing liability upon defendant and exculpating the additional defendants.

The question of plaintiff's contributory negligence was undoubtedly for the jury. There is a multitude of cases of this type to be found in the reports, but they necessarily depend largely upon their individual facts. However, analysis would seem to justify their classification into two groups. There are those in which a person wanders around in a place absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence. In such cases recovery is denied: *Davis v. Edmondson,* 261 Pa. 199; *Hoffner v. Bergdoll,* 309 Pa. 558; *Modony v. Megdal,* 318 Pa. 273; *McVeagh v. Bass,* 110 Pa. Superior Ct. 379; *Hardman v. Stanley Co. of America,* 125 Pa. Superior Ct. 41. There are other cases where there is some fairly compelling reason

* "If an apartment or office can only be safely used if heat or light is provided and the terms of the lease require the lessor to provide such a service, the lessor is subject to liability for bodily harm caused by a failure to exercise reasonable care to maintain such a service, not only to the lessee but also to those upon the land with the consent of the lessee": Restatement, Torts, section 361, comment c.

for walking in a place which, though dark, is not utterly devoid of light. Under such circumstances, contributory negligence will not be declared as a matter of law: *Reid v. Linck,* 206 Pa. 109; *Haugh v. Harris Brothers Amusement Co.,* 315 Pa. 90; *Murphy v. Bernheim & Sons, Ltd.,* 327 Pa. 285; *Leckstein v. Morris,* 80 Pa. Superior Ct. 352; *Rutherford v. Academy of Music,* 87 Pa. Superior Ct. 355; *James v. Smith,* 93 Pa. Superior Ct. 485; *Cathcart v. Sears, Roebuck & Co.,* 120 Pa. Superior Ct. 531. It may be stated, therefore, that the controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness and the justification for the injured person's presence in the place of danger.

It is common knowledge that lavatory and rest room accomodations are afforded to patrons in all large places of public exhibitions or amusements. Such facilities are as much a part of the premises to which patrons are invited as the auditorium itself, and plaintiff, walking into the alcove, over the archway of which was the sign "Ladies," was as fully within her rights, and entitled to as much protection, as when seated among the audience at the exhibition. Nor, under the conditions of insufficient light furnished in the alcove, should a court declare that she was guilty of contributory negligence because she failed to observe the proper door, especially as it was not marked by any appropriate sign: *Clopp v. Mear,* 134 Pa. 203. Seeing the opening at the side of the screen, she could reasonably assume that it was the appropriate means for reaching her destination: Restatement, Torts, section 343, comment b. True, had she ventured to walk in the darkness behind the screen, such conduct might have been negligent, but her fall resulted from the first step she made as she rounded it and not from any attempt to venture across an unlit, unfamiliar area: see *Clopp v. Mear,* supra; *James v. Smith,* 93 Pa. Superior Ct. 485, 488.

Defendant complains that the trial judge excluded from the consideration of the jury two paragraphs of the lease which provided that the lessees should furnish public liability insurance and hold defendant harmless as to claims for damages arising from any cause whatever. The introduction into the case of these parts of the lease would have violated the salutary rule that the existence of an insurance or indemnity agreement should not be brought to the attention of a jury in actions of this kind. These paragraphs threw no light on the issue as to control of the place and instrumentalities connected with the happening of the accident. Nor did defendant claim that the additional defendants were liable over to it, but merely that they alone were liable to plaintiff. Even had such a claim been made, it could not have been supported by proof of these provisions of the lease, because liability of an additional defendant arising by virtue of a contract of indemnity cannot be considered in an action of tort brought against the indemnitee: *Jones v. Wohlgemuth*, 313 Pa. 388, 390; *Murray v. Pittsburgh Athletic Co.*, 324 Pa. 486, 497, 498.

The judgment is affirmed.