Mogren et ux., Appellants, *v.* Gadonas et al.

Argued January 5, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frederick B. Smillie,* with him *Smillie & Bean,* for appellants.

*Julian W. Barnard,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 25, 1948:

This is plaintiffs' appeal from a refusal to take off a compulsory nonsuit. While a patron in the Blue Jay Restaurant, owned and operated by defendants, located at 22-24 West Main St., Norristown, Pa., Nancy Mogren, plaintiff, at or about 2 A. M. December 30, 1945, entered a darkened room which she believed to be the "ladies room". She fell through an unguarded hole in the floor and sustained severe injuries.

In their statement of claim, plaintiffs allege negligence on the part of defendants for failing to give proper and sufficient warning of the dangerous condition of the

floor in the "ladies room"; in failing to have the hole in the room properly and sufficiently guarded, and in failing to provide proper and sufficient light in the ladies room and the hallway leading thereto to enable the plaintiff to detect and guard against the presence of the hole in the floor.

The wife plaintiff was in defendants' restaurant where tables and booths were. Over a door, which was closed, was hung a black and white painted sign marked "Ladies". Plaintiff went through the doorway, closed the door and proceeded along a partially illuminated corridor, at the end of which were piled nearly to the ceiling boxes and barrels. She testified: "I heard dishes rattling, and I just thought that [the end of the hall] was the kitchen, and I didn't go back that far, and the only other doorway in the hallway was the one I went into on the left, about, oh, I guess, about three yards down the hallway on the left. So I thought it was there; so I went in there, I opened the door, looked in and saw it was dark, and I stepped in to reach for the light, and I went down a hole." Plaintiff stated she advanced about a foot into the room when she was precipitated into the cavity in the floor and fell "at least four feet". The room was completely empty. After plaintiff extricated herself from the hole, she went to the counter where her husband was sitting, informed him of the accident, and requested that she be taken to the hospital. She was in the hospital 25 days. Upon her return home she was bedridden and required the attendance of a nurse. She claims she still suffers great pain and is unable to attend to her household duties.

At the close of plaintiffs' testimony, defense counsel successfully moved for a compulsory nonsuit based on plaintiff's contributory negligence. The court said: ". . . the plaintiff has established that she was guilty of contributory negligence so clear and so plain that just minds couldn't differ on it, that she intentionally walked into a room that was in total darkness, took a

chance as to what she would meet in this room. So, since she didn't use a reasonable degree of care, she stepped into a room, in total darkness, and was injured, that would be contributory negligence as a matter of law, and she would be barred from recovery, no matter whether we went on with the trial of the case or you, the jury, would even give a verdict in her favor. . . ."

For a court to be justified in declaring a person contributorily negligent as a matter of law, evidence of such negligence must be so clear and unmistakable that no reasonable basis remains for an inference to the contrary. *Murphy v. Bernheim & Sons, Inc.*, 327 Pa. 285, 194 A. 194. "It is an established principle that if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of either party in the trial of a case, the question must be left to the jury. . . . A verdict should not be directed if on all the facts and circumstances there is room for fair and sensible men to differ in their conclusions or, as it is sometimes stated, [if] the evidence is not such that honest minds could reach but one conclusion": 26 R.C.L. 1067-69, section 75. (Quoted with approval by this court in *McCracken v. Curwensville Boro.*, 309 Pa. 98, 163 A. 217, and *Murphy v. Bernheim & Sons, Inc.*, supra). The pivotal question, therefore, is: Would sensible minds differ as to whether or not plaintiff acted as a reasonably prudent person would act under the same circumstances?

It is incumbent upon restaurant owners to whose establishments persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof. "If, therefore, for example, a party invites others on his premises, he will be held to contemplate their presence there, and to know that dangerous conditions or appliances will likely produce injuries. A duty arises, accordingly, that the premises shall be reasonably safe for the purposes intended": Am. & Eng. Encyclopædia of Law, 2d Ed., Vol. 21, p. 471.

Plaintiff by entering a door marked "Ladies" and proceeding down a lighted corridor until she reached a door which she presumed led to the lavatory followed a course of conduct which an ordinarily prudent person would follow under like circumstances. Because of the piled boxes at the end of the passageway and the fact that the sound of rattling dishes emanated from that direction, plaintiff was justified in concluding that the "door to the left" led to the "ladies room" which the word "Ladies" over the door leading out of the restaurant undoubtedly invited lady patrons to enter. Plaintiff testified that the hole in the room was "about a foot inside of the door". Ordinarily, a person who follows an unfamiliar course in the dark and sustains personal injuries is guilty of contributory negligence. As a rule, darkness is in itself a warning to proceed either with extreme caution or not at all.

The law governing cases of this character was recently set forth in *Bartek v. Grossman et al.*, 356 Pa. 522, 52 A. 2d 209, by which case appellee contends this case is ruled. There is a vital difference between the two cases. In the *Bartek* case the victim "refused to avail himself of his sense of sight and in blind confidence followed the man who was ahead of him. *There was no necessity of his doing so.*" (Italics supplied.) "Circumstances alter cases" and in the instant case there may have been a necessity for the plaintiff to find toilet accommodations without delay. The trial judge could not say as a matter of law that there was no such necessity. A patron of a restaurant has a right to assume that it has a toilet room for his or her use and that it is in a safe condition. When Mrs. Mogren saw the word "Ladies" over the door leading out of the restaurant, she was justified in interpreting that word as saying to her: "In this direction there is a toilet room for your use and you can enter it in safety". For a toilet room to be unlighted during these times when electricity is being conserved is not unusual. Patrons entering such a dark

room "feel around" for the switch. Those entering a dark toilet room to which they are invited cannot be adjudged negligent as a matter of law.

In *Modony v. Megdal*, 318 Pa. 273, 178 A. 395, the syllabus (presumably written or approved by the writer of the opinion in that case) states that "One who *unnecessarily* moves about an unfamiliar place . . . when he cannot see anything, is . . . contributorily negligent. . . ." (Italics supplied). In that case there was no such necessity for the plaintiff's action as there was in this case.

In *Dively v. Penn-Pittsburgh Corp. et al.*, 332 Pa. 65, 2 A. 2d 831, Mr. Justice STERN speaking for this Court said: "The question of plaintiff's contributory negligence was undoubtedly for the jury. . . . It is common knowledge that lavatory and rest room accommodations are afforded to patrons in all large places of public exhibitions or amusements. Such facilities are as much a part of the premises to which patrons are invited as the auditorium itself, and plaintiff, walking into the alcove, over the archway of which was the sign 'Ladies,' was as fully within her rights, and entitled to as much protection, as when seated among the audience at the exhibition. Nor, under the conditions of insufficient light furnished in the alcove, should a court declare that she was guilty of contributory negligence because she failed to observe the proper door, especially as it was not marked by any appropriate sign: Clopp v. Mear, 134 Pa. 203. Seeing the opening at the side of the screen, she could reasonably assume that it was the appropriate means for reaching her destination: Restatement, Torts, sections 343, comment b."

In passing on questions of negligence, courts and juries must consider the realities of the situation. The standard of carefulness is the conduct under like circumstances of an average reasonable person possessed of ordinary prudence. To us it is clear that any prudent woman would have acted as Mrs. Mogren acted if con-

fronted with the same necessity and in the same situation.

In passing judgment on another's alleged want of care under certain circumstances, justice does not require a holding that the actor's foresight should have dictated that unusual degree of prudent conduct whose erstwhile necessity in order to avoid the mishap is now so clear to the judge's hindsight.

The judgment is reversed with a procedendo.

Mr. Justice PATTERSON dissents.

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

The majority opinion holds that "Those entering a dark toilet room to which they are invited cannot be adjudged negligent as a matter of law". This decision is without precedent in this Commonwealth, and will add another exception to the salutary rule that one who proceeds when he cannot see, cannot recover for injuries received as a result thereof because he himself is negligent as a matter of law. No decided case has permitted a jury to determine the question of contributory negligence where the plaintiff has admitted that he entered a totally dark room and that he could not see where he was going. The issue is not whether appellant was invited into the corridor or whether she reasonably believed the sounds of rattling dishes emanated from a kitchen at the end of a corridor. It is whether appellant exercised due care for her own safety under the circumstances—whether being unfamiliar with the premises she exercised that care when she opened a door not in any way identified as an entrance to a lavatory and being unable to see beyond the door, she nevertheless stepped forward into the room and stepped into an opening in the floor.

This Court said, in *Dively v. Penn-Pittsburgh Corporation*, 332 Pa. 65, 69, 2 A. 2d 831: "There are those [cases] in which a person wanders around in a place

absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence. In such cases recovery is denied: Davis v. Edmondson, 261 Pa. 199; Hoffner v. Bergdoll, 309 Pa. 558; Modony v. Megdal, 318 Pa. 273; McVeagh v. Bass, 110 Pa. Superior Ct. 379; Hardman v. Stanley Co. of America, 125 Pa. Superior Ct. 41. There are other cases where there is some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light. Under such circumstances, contributory negligence will not be declared as a matter of law: Reid v. Linck, 206 Pa. 109; Haugh v. Harris Brothers Amusement Co., 315 Pa. 90; Murphy v. Bernheim & Sons, Ltd., 327 Pa. 285; Leckstein v. Morris, 80 Pa. Superior Ct. 352; Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355; James v. Smith, 93 Pa. Superior Ct. 485; Cathcart v. Sears, Roebuck & Co., 120 Pa. Superior Ct. 531. It may be stated, therefore, that the controlling factors in determining the question of contributory negligence in accident cases of this nature are the degree of darkness and the justification for the injured person's presence in the place of danger."

Appellant testified that she opened the door and the room was totally dark; that she could not see anything in the room; [1] that she "opened the door and stepped into total darkness"; and that she "walked right straight forward and stepped into this hole walking forwards. . . ." [2] Notwithstanding these circumstances,

---

[1] "Q. . . . You did tell us when you opened the door off the corridor, the door that you went through, that that door opened into a room which was totally dark, didn't you? A. Yes. Q. So that as you went in that door, it wasn't possible for you to see anything in the room, was it? A. No."

[2] "Q. Yet you went into this strange place and you went down a large lighted corridor, but only went halfway down that corridor; you turned where there was a door with no sign on it at all; you opened that door and stepped into total darkness didn't you? A. Yes. Q. In other words, you walked right straight forward and stepped into this hole walking forwards; is that correct? A. Yes."

the majority opinion holds that the question of her negligence must be determined by a jury. There can be no clearer case which would require a judicial pronouncement of contributory negligence as a matter of law.

This is not a case where a plaintiff moves about in semi-darkness or uses her senses and is injured as a result of misjudgment or having been deceived by her sense of sight. In *Dively v. Penn-Pittsburgh Corporation*, supra, relied upon by the majority, plaintiff was not walking in a room completely devoid of light. There was a subdued light reflected from the auditorium, thereby enabling plaintiff to see where she was going. This Court said, page 70: "True, had she ventured to walk in the darkness behind the screen, such conduct might have been negligent, but her fall resulted from the first step she made as she rounded it and not from any attempt to venture across an unlit, unfamiliar area: see Clopp v. Mear, supra; James v. Smith, 93 Pa. Superior Ct. 485, 488." Here, appellant was not in any way deceived by her senses. Darkness was total, she did not attempt to "feel her way". She stated "I opened the door, looked in and saw it was dark, and I stepped in to reach for the light, and I went down a hole".

Notwithstanding that the evidence is considered most favorably to appellant and she is given the benefit of all inferences and deductions reasonably to be deduced therefrom, her own contributory negligence clearly appears in (1) stepping forward into an unfamiliar and totally dark room, and (2) failing in any way to use her senses and to proceed cautiously. This is true irrespective of an assumption of physical necessity, for necessity is not a legal justification for actions which are rash and completely without regard to one's personal safety and welfare.

The judgment of the court below should be affirmed.

Mr. Justice Linn and Mr. Justice Horace Stern join in this dissent.