## Bollin v. Elevator Construction and Repair Co. et al.

*John J. McDevitt, 3rd,* for defendant.

*Axelroth & Porteous,* for additional defendant.

MacNEILLE, P. J., February 5, 1948.--This is an action in trespass brought by plaintiff against Elevator Construction and Repair Company, Inc., to recover for personal injuries sustained when an elevator he was operating in the building of his employer, Pennsylvania Warehousing and Safe Deposit Company of Philadelphia, dropped or fell in its shaft. Plaintiff alleged that Elevator Construction and Repair Company, Inc., was engaged to repair said elevator and that the accident was due to the negligence of the Elevator Construction and Repair Company, Inc., in making the repairs. Elevator Construction and Repair Company, Inc., joined Pennsylvania Warehousing and Safe Deposit Company of Philadelphia, and the Globe Indemnity Company as additional defendants. Globe Indemnity Company filed preliminary objections which the court is now considering. The basis of the preliminary objections is that since plaintiff's action is in trespass, the Globe Indemnity Company cannot be joined as an additional defendant upon the basis of liability under a policy of insurance or any other contract.

Rule 2252 (*a*) of the Pennsylvania Rules of Civil Procedure provides:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Elevator Construction and Repair Company, Inc.'s, complaint as to Globe Indemnity Company alleges in paragraph 4:

"4. On the date above referred to and for a long time prior thereto additional defendant Globe Indemnity Company did insure additional defendant Pennsylvania Warehousing & Safe Deposit Company of Philadelphia against loss from elevator accidents, and as such insurer, in accordance with the Act of May 2, 1929, P. L. 1518, as amended, of the Commonwealth of Pennsylvania, additional defendant, Globe Indemnity Company, did undertake to make periodic inspections of the said elevator of additional defendant Pennsylvania Warehousing & Safe Deposit Company of Philadelphia at its warehouse located at 16th and Callowhill Streets, Philadelphia."

Paragraph 5 provides as follows:

"5. Defendant avers that the alleged accident was due to the negligence of additional defendant Globe Indemnity Company, its servants, agents and employes acting within the scope of their employment and on the business of their employer in that

"(a) additional defendant failed to make careful and proper inspections of said elevator;

"(b) additional defendant failed to give notice and warning of the unsafe and defective condition of said elevator;

"(c) additional defendant permitted the elevator to be operated and continued in use while in a state of disrepair and defective condition;

"(d) the employes of additional defendant inspecting said elevator were unqualified and incompetent to make such inspections;

"(e) additional defendant violated the laws of the Commonwealth of Pennsylvania and the laws and ordinances of the City and County of Philadelphia relating to elevator inspections;

"(f) additional defendant was otherwise careless and negligent."

The prayer of the complaint is as follows:

"Wherefore, defendant avers that additional defendant, Globe Indemnity Company, is solely liable or jointly and severally liable to plaintiff or liable over to defendant for all the injuries and losses alleged to have been sustained by plaintiff."

Nowhere in the allegations of the complaint of Elevator Construction and Repair Company, Inc., are there any facts alleged which, if proven, reveal any duty and breach thereof as to plaintiff. The only facts alleged showing any obligation of Globe Indemnity Company are as to Pennsylvania Warehousing and Safe Deposit Company of Philadelphia. Paragraph 4 alleges a contract of insurance to insure against loss from elevator accidents and an undertaking to make periodic inspections. Paragraph 5 alleges the accident was caused by Globe Indemnity Company's negligence in failing to properly inspect. On the basis of these allegations there is no sole or joint liability to plaintiff. Any liability of Globe Indemnity Company arises because of the contract of insurance and this is a liability to the insured only, and not one to plaintiff in the action between whom and Globe Indemnity Company there is no privity. Since the liability, if any, of Globe Indemnity Company is based upon its contract and not upon the cause of action declared by plaintiff, the joining of Globe Indemnity Company as an additional defendant is not authorized by Rule of Civil Procedure cited supra.

A case similar on its facts is Volta v. Markovitz Brothers, Inc., et al., 351 Pa. 243. The facts of the case and the decision is set forth on pages 244 and 245 as follows:

"This is an appeal from the judgment of the court below sustaining an affidavit of defense raising questions of law. The plaintiff, Michael A. Volta sued the defendants, Markowitz Brothers, Inc., in an action of trespass. The claim was that while the plaintiff was lawfully on the elevator on certain premises at 321 Market Street, Philadelphia, Pennsylvania, he was injured by the elevator's falling. The defendants were the lessees of these premises. After the action was started and statements served, the defendant caused a writ to issue joining as additional defendants, the Otis Elevator Company on the theory that this company was 'liable over' to the original defendant by reason of its breach of a service contract existing between the defendants and the additional defendant. The latter filed an affidavit of defense raising questions of law, pleading that the joinder was improper, since if any liability existed between the two defendants, it was based solely on a *contract* and the Elevator Company was therefore *not* 'liable over to the defendant on the cause of action declared upon' by the plaintiff. The lower court sustained this plea and entered judgment for the additional defendant. The original defendant appealed.

"The defendants alleged that the Otis Elevator Company serviced and maintained the elevator in question under a contract which contained the following provisions: 'It is understood, in consideration of our performance of the services enumerated herein at the price stated, that nothing in this agreement shall be construed to mean that Otis Elevator Co. assumes any liability on account of accidents to persons except those directly due to the negligent acts or omissions of Otis Elevator Co., or its employees.' The defendant

avers negligence on the part of Otis Elevator Company in the improper servicing of the elevator and failure to maintain its parts in good, proper and safe working order, and failure to properly repair and maintain the elevator and to notify the defendants of any defective condition thereof. The court below properly held that: 'Any liability arising under this contract would be a liability to the defendant exclusively, and not one to the plaintiff in the action, between whom and Otis Elevator Co. there was no privity. It is not alleged that the additional defendant was the manufacturer of the elevator in question. Hence, "the cause of action declared upon" is not one upon which the additional defendant would be answerable under the theory of a manufacturer's liability for defects in instruments or appliances which are inherently dangerous.'

"In Murray v. Pittsburgh Athletic Co., 324 Pa. 486, 188 A. 190, the original defendant sought to join an additional defendant on the ground of 'liability over', based on an alleged indemnity agreement. The lower court refused joinder, and entered judgment for the additional defendant. We affirmed the action of the court below, saying in our opinion: 'If defendant has a cause of action against the Jacob Brothers on the indemnity agreement, it sounds in contract, not in tort, and hence the two-year statute does not bar it. But such a cause of action, based on contract, is separate and distinct from the cause of action forming the basis of plaintiff's suit, which is the injury caused plaintiff by defendant's negligence.' To the same effect is Dively v. Penn-Pittsburgh Corp., 332 Pa. 65, 2 A. 2d 831.

"Any liability of the Indemnitor in this case would have to be based upon its *contract* with the defendant and not upon the *cause of action* declared by the plaintiff. The Rules of Civil Procedure do not change the law as we declared it in the cases above cited.

"The judgment is affirmed."

Wherefore, Globe Indemnity Company's preliminary objections are sustained and judgment is hereby entered for added defendant, the Globe Indemnity Company.