ANNE MAHER v. BARBARA W. VOSS and NORWOOD W. VOSS. WILLIS MAHER v. SAME.

*(Two Cases)*

---

[4]See *Conclusions Nos. 5 and 7, supra.*

(*August* 21, 1952.)

CAREY, J., sitting.

*Paul W. Rinard* for plaintiffs.

*Joseph Donald Craven* for defendants.

Superior Court for New Castle County, Nos. 996 and 997, Civil Action, 1950.

CAREY, J.:

The former opinion in these cases dealt solely with the questions then raised by the motion to dismiss, i. e., (1) whether Mrs. Maher's status was that of invitee or licensee, and (2) whether the complaint showed any actionable negligence. The question of contributory negligence was neither raised by counsel nor discussed by the Court.

Mrs. Maher went to defendants' home in the evening of March 30, 1950 to attend a meeting of a political club. Mrs. Voss met her at the door, took her coat and hung it in what appeared to be a clothes closet in the dining room, but was actually the

entrance to the cellar stairway. When the meeting adjourned, Mrs. Voss went upstairs with another lady. After an interval of several minutes, Mrs. Maher and some other guests walked into the dining room, and one of the ladies, Grace Aiken, went to the "closet", stepped in, got her coat and came out. Mrs. Maher then reached in and got her coat which was hanging in the front part of the "closet". She then started to get a coat for another lady. In feeling around to find it among a number of wraps hanging there, she stepped into the "closet". This led to her fall down the stairs.

The testimony indicated that there was no light inside the "closet" itself. The light coming from a fixture in the dining room ceiling was sufficient to dimly illuminate the front part of the opening, but it did not reach the back part which, in Mrs. Maher's own words, was "black". No evidence was presented to show the exact measurement or distance from the door to the stairs, but the witness Aiken, who had entered it before Mrs. Maher did so, testified that she stepped in about two steps. In doing so, she, of course, did not reach the stairs.

The testimony also disclosed that Dr. Voss was not at home when this accident occurred; that Mrs. Voss was still upstairs at the moment; that Mrs. Maher had been in this home only on one previous occasion, at which time she did not enter this "closet", although at that time she did see Mrs. Voss get her coat from it.

Extended discussion of the principles pertaining to contributory negligence is not required. The sole question in this case is whether the issue should have been presented to the jury rather than decided by the Court.

With respect to cases of this general type, the basic principle is well stated in 1 *Shearman and Redfield on Negligence* (*Rev. Ed.*) 320, as follows:

"A person who comes into an unfamiliar situation, where a condition of darkness renders the use of his eye-

sight ineffective to define his surroundings, is not justified, in the absence of any special stress of circumstances, in proceeding further, without first finding out where he is going and what may be the obstructions to his safe progress. Violation of that rule is contributory negligence as matter of law".

This rule is not without exception. See annotation in 163 *A. L. R.* 590. The Pennsylvania Supreme Court, in *Dively v. Penn-Pittsburgh Corporation*, 332 *Pa.* 65, 2 *A.* 2d 831, 833, classified the cases into two groups, as follows:

"There are those in which a person wanders around in a place absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence. In such cases recovery is denied (citing cases). There are other cases where there is some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light. Under such circumstances, contributory negligence will not be declared as a matter of law (citing cases)".

The Court then announced the principle, which I feel is sound, that the controlling factors in determining the question of contributory negligence in cases of this nature are the degree of darkness and the justification for the injured person's presence in the place of danger.

In the present instance, although the front part of the "closet" was dimly lighted by a dining room fixture, the back part to which Mrs. Maher walked or stepped was utterly dark, according to her own statement. This was verified by the other witnesses. Since she was entirely unacquainted with the true nature of the opening, common prudence would have dictated that she refrain from passing beyond the lighted sphere. Moreover, no "fairly compelling reason" is shown to have existed requiring her to step into the darkness. She was in no great hurry to leave the house, and there was no reason why she should not have waited until Mrs. Voss came. The defendants had said or done nothing affirmatively to lull her into a false sense of secu-

rity. Even if the outward appearance of the aperture and the use to which it was put led her to believe that it was a clothes closet, prudence still would have dictated that she refrain from walking or stepping back into its utterly dark recesses.

Under all the circumstances, I am convinced that contributory negligence, as a matter of law, appears from the testimony presented on behalf of the plaintiffs. The motion for new trial must be denied.