Marie **BREDDER** and George Bredder,
Plaintiffs,

v.

Frank **LEIDENFROST** and Charlotte
Leidenfrost, Defendants.

Civ. A. 3817.

United States District Court
M. D. Pennsylvania.

Oct. 5, 1955.

Esdras F. Howell, Scranton, Pa., Sidney Krawitz, Milford, Pa., Melvin Fine, Paterson, N. J., for plaintiffs.

Frank M. Walsh, Scranton, Pa., for defendants.

WATSON, District Judge.

This action was brought to recover damages for injuries alleged to have been incurred by Plaintiff Marie Bredder as a result of the alleged negligence of Defendants. On September 5, 1948, Marie Bredder was a paying guest at a boarding house owned and operated by Defendants at Beach Lake, Pennsylvania. Plaintiffs allege that because Defendants failed to maintain the premises in a safe condition, Marie Bredder fell and suffered the injuries of which she complains. The trial of the case was had before this Court and a jury and, at the close of the testimony and after both sides had rested, the Court directed the jury to render a verdict for the Defendants. Plaintiffs subsequently filed a motion for a new trial which motion is now before the Court for determination.

Plaintiffs assign numerous reasons why a new trial should be granted. In addition to the usual formal reasons Plaintiffs assign as error the Court's refusal to allow in evidence certain statements, alleged to have been made by Defendant Charlotte Leidenfrost and a Mrs. Fox. Plaintiffs also contend that the Court erred in instructing the jury that there was no proof of Defendants' negligence and that there was sufficient evidence to establish contributory negligence on the part of the Plaintiff Marie Bredder.

Under the law of Pennsylvania, a plaintiff who seeks to recover damages for injuries allegedly suffered as a result of the negligence of a defendant has the burden of proving by legal evidence that such negligence was the proximate cause of the injuries of which plaintiff complains. Freund v. Hyman, 377 Pa. 35, 103 A.2d 658; Pascarella v. Kelley, 378 Pa. 18, 105 A.2d 70. The plaintiff must also make his case against the defendant free from contributory negligence. Schentzel v. Philadelphia Nat. League Club, 173 Pa.Super. 179, 90 A.2d 181.

It appears to the Court that the negligence upon which the action is grounded consists of the alleged failure of Defendants to provide proper illumination of the step in the hallway where Plaintiff Marie Bredder is alleged to have fallen. The evidence shows that Marie Bredder was occupying a room on the second floor of Defendants' boarding house. The door of her room opened on a hallway at the end of which the bathroom was located. Approximately midway in the hall, between her room and the bathroom, were two steps down to a lower level. Just above the lower level, there was an electric light fixture on the wall.

Marie Bredder testified that she had stayed at the boarding house many times over a period of many years and was entirely familiar with the hallway and steps where she fell. Plaintiffs allege that this light was not burning at the time Marie Bredder fell on the steps leading from the hallway down to the landing. There was no direct evidence offered by Plaintiffs to show that the light was not burning at that time. Marie Bredder testified that she was un-

aware of the condition of the light until after she had fallen when she was told it was out. There was no testimony to show that Marie Bredder fell because there was not sufficient light at the steps or that the absence of the electric light was the proximate cause of the accident. At the trial, Plaintiffs attempted to introduce statements allegedly made by Defendant Charlotte Leidenfrost in an effort to prove that the light had been turned off some time before Marie Bredder fell. These statements were clearly hearsay and unless Plaintiffs could qualify them as exceptions to the rule against hearsay evidence they would not be allowed in evidence over the objections of Defendants. Plaintiffs contended that the statements attributed to Mrs. Leidenfrost were admissions and, as such, should have been allowed in evidence. Plaintiffs also allege that the statements could qualify as exceptions to the hearsay rule because they were part of the res gestae of the accident.

Mrs. Leidenfrost's statements were, at best, mere expressions of sympathy. She is alleged to have said to Mrs. Bredder shortly after the accident that she was " * * * so sorry. I told Mrs. Fox that she could turn out the light." This statement is an admission of nothing and could not possibly serve to prove any of the facts surrounding the event. Lombard & S. S. Pass. Ry. Co. v. Christian, 124 Pa. 114, 16 A. 628. The statement did not fall within the res gestae exception to the hearsay rule because it did not deal with the occurrence itself but was a statement concerned with a collateral matter.

Plaintiffs also offered in evidence a statement allegedly made by a Mrs. Fox, who was a guest at the Leidenfrost boarding house. Mrs. Bredder offered to testify that Mrs. Fox had stated, in the presence of Mrs. Bredder and Mrs. Leidenfrost, that she, Mrs. Fox, had turned out the light over the stairway with permission of Mrs. Leidenfrost. This statement was properly excluded. Mrs. Fox was not a party to the action nor was she an authorized agent of the Leidenfrosts and hence her statement could not be construed as an admission by Mrs. Leidenfrost. Plaintiffs argue that this statement was part of the res gestae of the accident, but this is also without merit. The Supreme Court of Pennsylvania, in deciding whether certain statements were part of the res gestae, stated, "In short, they must be, not the narration or attempted explanation of a past occurrence, but in the nature of an emotional, impulsive outburst made under the spell of excitement or shock caused by the occurrence to which they relate and uttered before the processes of the intellect have had opportunity to come into play." Haas v. Kasnot, 371 Pa. 580, 92 A.2d 171, 173. So tested, this statement by Mrs. Fox could not possibly qualify as admissible evidence under the res gestae exception to the hearsay rule. If Plaintiffs had wished to place Mrs. Fox on the stand to testify that she had made such statement they could have done so but, failing in this, her statement could not be introduced through Mrs. Bredder.

George Bredder, husband of Marie Bredder, and also a Plaintiff in this action, offered to testify that Mrs. Leidenfrost had told him that she was sorry that Mrs. Bredder had fallen and that she had given Mrs. Fox permission to turn off the light. Mr. Bredder's testimony would have been hearsay and Plaintiffs failed to bring it within the provisions of any of the exceptions to the hearsay rule.

Plaintiffs had the burden of proving that Defendants were guilty of negligence and that that negligence was the proximate cause of Mrs. Bredder's injuries. They failed to introduce any legal evidence which would tend to establish Defendants' negligence, and, consequently, they failed to meet their burden of proof. Even if there were legal evidence from which the jury could properly find negligence on the part of the Defendants which was the proximate cause of the accident, there was sufficient evidence from which to conclude that Mrs. Bredder was guilty of contributory neg-

ligence as a matter of law. Contributory negligence is generally defined as conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of Defendants in bringing about Plaintiff's harm. In this case, Plaintiffs' recovery is barred if Mrs. Bredder's negligence was a proximate cause of her injury even though Defendants might also be guilty of negligence. Mrs. Bredder testified that she left her bedroom, stepped into the hallway and proceeded toward the bathroom which was at the opposite end of the hall. She testified that she could discern a light near the fire escape at the end of the hall and that it provided sufficient light to enable her to see the general layout of the hallway. She also stated on cross-examination that, because of a structural weakness in the arches of her feet, she was required to wear special arch supports, but that at the time she fell, her feet were clad only in stockings. She testified further that if she had turned on the light in her bedroom the hallway and the steps would have been adequately lighted.

The Court feels that these statements are sufficient to defeat Plaintiffs' claim against Defendants. As a rule, darkness is, in itself, a warning to proceed either with extreme caution, or not at all, and one who heedlessly walks into a place which he knows or should know may be dangerous takes the chance of the result and must abide by the consequences. Mogren v. Gadonas, 358 Pa. 507, 58 A.2d 150; Jones v. Counties Gas & Elec. Co., 289 Pa. 128, 137 A. 168. It is clearly seen from an examination of Mrs. Bredder's testimony that she placed herself in a position of danger when she could have either remained in her room or, by the simple act of turning on the light in her bedroom, could have provided adequate illumination for the hallway. It is equally clear that a person who exercises normal care for their safety would be able to determine whether or not a light, such as we are concerned with here, was or was not burning. The Court feels that Mrs. Bredder failed to exercise normal caution and that her inattentiveness and negligence were proximate causes of her fall.

Plaintiffs' motion for a new trial will be denied, and an appropriate order will be entered herewith.