Murray et ux. *v.* Lavinsky, Appellant, et al.

Argued November 13, 1935,

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Rouse Burns,* with him *Mortimer B. Rosenberger,* for appellant.

*Layton M. Schoch,* for additional defendant.

*Maurice G. Weinberg,* with him *Bertram U. Weinberg,* for appellees.

OPINION BY KELLER, P. J., January 31, 1936:

The appellant has not seen fit to print all the testimony in the record, nor all of the lower court's charge. We take this as an admission that there was evidence

supporting the verdicts in favor of the plaintiffs against appellant, the original defendant, and that he has no fault to find with the charge of the court except its ruling that there could be no verdict in favor of the wife plaintiff against the added defendant.

The appellant, on being summoned as the original defendant, had Simon August brought in by scire facias, under the Act of June 22, 1931, P. L. 663, as an additional defendant, on the allegation that he, August, was alone liable to the plaintiffs for the cause of action declared on. As August, the additional defendant was the employer of the wife plaintiff, in whose service and employment she was engaged when injured, and they had, in effect, elected to come within the Workmen's Compensation Act, it followed that the wife plaintiff[1] could not, in any event, have a verdict in this action against the additional defendant. If the additional defendant's driver was not negligent, there could, of course, be no verdict rendered against him. On the other hand, if said driver was negligent, whether alone or jointly with the original defendant, the wife *plaintiff* could not recover in trespass against the additional defendant but would be remitted to her claim for workmen's compensation. The case is governed by the very recent decision of the Supreme Court in Jackson v. Gleason, 320 Pa. 545, 182 A. 498, where the additional defendant was brought in by scire facias proceedings averring that it was alone liable for the cause of action declared on by the plaintiff; and the plaintiff at the time of the accident was in the course of his employment with such additional defendant.

Had the original defendant brought in the additional defendant by scire facias, alleging that the latter was

---

[1] The Act of May 8, 1895, P. L. 54, directs that the rights of action of husband and wife in trespass for personal injury to the wife, shall be redressed in only one suit brought in their joint names.

liable over to him for the cause of action declared on or jointly liable therefor with him, a different situation would have been presented, and, if the facts in evidence warranted, the case would have been ruled by the decision of the Supreme Court, in Koontz v. Messer et al., 320 Pa. 487, 181 A. 792. There a verdict was sustained in favor of the plaintiff against the original defendants and also a verdict over in favor of the original defendants against the additional defendant, who had been brought in by scire facias proceedings by the original defendants on the allegation that as their driver, at the time of the accident, who was guilty of the negligence, if any, he was liable over to them;— and this notwithstanding the fact that the additional defendant was the husband of the plaintiff, whom she could not sue, nor could she recover verdict and judgment against him on the cause of action declared on.

By the provisions of the Act of April 10, 1929, P. L. 479, and its amendments of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807, the cause of action, as to which the original defendant may bring in, by scire facias proceedings, an additional defendant, must be that declared on by the plaintiff in the action against the original defendant. But, by the decision in Koontz v. Messer, the original defendant may, on such cause of action, in certain circumstances, have verdict and judgment against the additional defendant even though, because of some statute or policy of the law, the plaintiff could not have sued him nor had verdict and judgment against him. But the scire facias proceedings do not affect, in any way, the right of the plaintiff to proceed in her action against the original defendant the same as she might have done before the scire facias acts were passed.

The judgment is affirmed.