## Volta *v.* Markovitz Brothers, Inc., et al., Appellants.

Argued December 6, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler,* for appellants, original defendants.

*John J. McDevitt, Jr.,* for appellee, additional defendant.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 2, 1945:

This is an appeal from the judgment of the court below sustaining an affidavit of defense raising questions of law. The plaintiff, Michael A. Volta sued the defendants, Markovitz Brothers, Inc., in an action of trespass. The claim was that while the plaintiff was lawfully on the elevator on certain premises at 321 Market Street, Philadelphia, Pennsylvania, he was injured by the elevator's falling. The defendants were the lessees of these premises. After the action was started and statements served, the defendant caused a writ to issue joining as additional defendants, the Otis Elevator Company on the theory that this company was "liable over" to the original defendant by reason of its breach of a service contract existing between the defendants and the additional defendant. The latter filed an affidavit of defense raising questions of law, pleading that the joinder was improper, since if any liability existed between the two defendants, it was based solely on a *contract* and the Elevator Company was therefore *not* "liable over to the defendant on the cause of action declared upon" by the plaintiff. The lower court sustained this plea and entered judgment for the additional defendant. The original defendant appealed.

The defendants alleged that the Otis Elevator Company serviced and maintained the elevator in question under a contract which contained the following provisions: "It is understood, in consideration of our performance of the services enumerated herein at the price stated, that nothing in this agreement shall be construed to mean that Otis Elevator Co. assumes any liability on account of accidents to persons except those directly due

to the negligent acts or omissions of Otis Elevator Co., or its employees." The defendant avers negligence on the part of Otis Elevator Company in the improper servicing of the elevator and failure to maintain its parts in good, proper and safe working order, and failure to properly repair and maintain the elevator and to notify the defendants of any defective condition thereof. The court below properly held that: "Any liability arising under this contract would be a liability to the defendant exclusively, and not one to the plaintiff in the action, between whom and Otis Elevator Co. there was no privity. It is not alleged that the additional defendant was the manufacturer of the elevator in question. Hence, 'the cause of action declared upon' is not one upon which the additional defendant would be answerable under the theory of a manufacturer's liability for defects in instruments or appliances which are inherently dangerous."

In *Murray v. Pittsburgh Athletic Co.*, 324 Pa. 486, 188 A. 190, the original defendant sought to join an additional defendant on the ground of "liability over", based on an alleged indemnity agreement. The lower court refused joinder, and entered judgment for the additional defendant. We affirmed the action of the court below, saying in our opinion: "If defendant has a cause of action against the Jacob Brothers on the indemnity agreement, it sounds in contract, not in tort, and hence the two-year statute does not bar it. But such a cause of action, based on contract, is separate and distinct from the cause of action forming the basis of plaintiff's suit, which is the injury caused plaintiff by defendant's negligence." To the same effect is *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, 2 A. 2d 831.

Any liability of the indemnitor in this case would have to be based upon its *contract* with the defendant and not upon the *cause of action* declared by the plaintiff. The rules of Civil Procedure do not change the law as we declared it in the cases above cited.

The judgment is affirmed.