## Tele-Tone National Corp. v. Sheftz et al.

*Arnold M. Snyder*, for plaintiff.

*James A. Cochrane* and *Paul C. Van Dyke,* for defendant.

*John V. Diggins*, for additional defendants.

ERVIN, P. J., January 10, 1951.—Plaintiff, Tele-Tone National Corporation, instituted a suit in assumpsit against defendant, J. F. Sheftz, trading as Sheft's Radio & Television Service, whereby plaintiff seeks to recover the sum of $347.75, with interest, for goods sold and delivered to defendant. Defendant filed an answer denying liability and also filed a præcipe to join as additional defendants, Klose Brothers and Pyramid Motor Freight Corporation, two common carriers. Defendant, in its complaint, avers that it delivered three television sets (the purchase price of which plaintiff seeks to recover from defendant) to defendant, Klose Brothers, a common carrier, and that Klose Brothers promised and agreed to transport, or cause to be transported, the same to the consignee, the original plaintiff; that thereafter defendant paid Klose Brothers, pursuant to its agreement, the charges of $1.85 for transporting the articles; that Klose Brothers thereafter delivered the three television sets to additional defendant, Pyramid Motor Freight Corporation, which common carrier thereupon promised, agreed and obligated itself to transport the sets to the consignee, original plaintiff; that either or both of the additional defendants, certified common carriers, have violated their agreements and legal obligations to transport promptly, safely and in good order the television sets from consignor, defendant herein, to consignee, plaintiff herein; that additional defendant, Klose Brothers and/or additional defendant, Pyramid Motor Freight Corporation, is or are alone liable or liable over to him on the cause of action declared upon and/or jointly or severally liable thereon with him to the extent of the whole of the amount which may be recovered by plaintiff. Each additional defendant filed preliminary objections denying the right of defendant to join additional defendant for the reason that the alleged cause of action of defend-

ant against additional defendant is not based upon the cause of action declared upon by plaintiff and asking that the court dismiss the complaint of defendant as to it. We are of the opinion that this position is well taken and must be sustained. It will, therefore, be unnecessary to dispose of the other objections raised by additional defendants.

We think the question is ruled by a number of appellate and lower court decisions and will quote from the decision of Mr Justice Horace Stern in Land Title Bank & Tr. Co. v. Cheltenham Nat. Bk., 362 Pa. 30, 41, as follows:

"Defendant, assigning this action of the court below as error, relies upon Pa. R. C. P. 2252(a), which provides that 'In any action the defendant . . . may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon . . .' But such reliance is obviously misplaced because defendant ignores the vital words: 'the cause of action declared upon.' The rule in question, like the original Act of April 10, 1929, P. L. 479, which it replaced, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant: Jones v. Wohlgemuth, 313 Pa. 388, 390, 169 A. 758, 759; Murray v. Pittsburgh Athletic Co., 324 Pa. 486, 497, 498, 188 A. 190, 195; Volta v. Markovitz Bros., Inc., 351 Pa. 243, 40 A. 2d 388; Murray v. Lavinsky, 120 Pa. Superior Ct. 392, 395, 182 A. 803, 804. Because of the similarity in the wording of the new rule and that of the Act of 1929 it was said in Volta v. Markovitz Bros., Inc., 351 Pa. 243, 245, 40 A. 2d 388, 389, that 'The rules of Civil Procedure do

not change the law as we declared it in the cases above cited' (viz. Murray v. Pittsburgh Athletic Co., 324 Pa. 486, 188 A. 190, and Dively v. Penn-Pittsburgh Corporation, 332 Pa. 65, 2 A. 2d 831). Plaintiff's action against defendant under the law governing negotiable instruments, and any right of recovery which might possibly be asserted by either plaintiff or defendant against the notaries public and their bondsmen, are so utterly distinct and unrelated that their joinder would inevitably result in transforming the simple issue between the original parties into issues of a totally different nature and governed by wholly different considerations."

See, also, Donnelly, Admx., v. Fred Whittaker Company, 364 Pa. 387; Moore v. Brady et al., 60 D. & C. 263.

Any liability of additional defendants to defendant necessarily arises out of the contract, express or implied, of the common carrier, to carry the goods of defendant and to deliver them to consignee safely. The contract originally sued upon by plaintiff is for the purchase of goods sold and delivered. These two actions are in no way related to each other nor does defendant's alleged claim against additional defendants in any way depend upon the cause of action declared upon by plaintiff. Even though the action declared upon originally by plaintiff is an action of assumpsit and the action of defendant against additional defendants is also an action in assumpsit, this would not change our ruling. What was so well said by President Judge Rupp in Pa. Railroad Co. v. Myers, 67 D. & C. 430, 435, may be here repeated:

"Original defendant contends that the Supreme Court decisions relied upon by us are not applicable here, since in each of the cases cited one cause of action sounded in tort and the other in assumpsit, whereas here both causes of action are in assumpsit.

"This circumstance present in the instant case in nowise distinguishes it from the decisions cited, insofar as the principle involved is concerned. We repeat, the principle enunciated by the Supreme Court is based on the conclusion that a defendant may not bring in as an additional defendant a person who is not liable upon the cause of action declared upon. We fail to see how the character of the actions involved is material. Moreover, there is nothing in any of the foregoing decisions to support a conclusion that the principle applies where one cause of action is in tort and the other in assumpsit, but is inapplicable where, as here, both causes of action are in assumpsit."

Bollin v. Elevator Construction & Repair Co., Inc., 361 Pa. 7, not cited by either party, does not change the law applicable to this situation. That was an action in trespass brought by plaintiff, who sustained injuries when an elevator he was operating in the building of his employer fell. Plaintiff originally sued Elevator Construction & Repair Company, Inc. (hereinafter called the elevator company). Plaintiff's complaint alleged that prior to the accident the Pennsylvania Co. had contracted with the elevator company to repair the warehouse elevator and "restore it to proper and safe operating condition" and that the accident was due to the elevator company's negligence in making the repairs. The elevator company brought in the Pennsylvania Co. (plaintiff's employer, the owner of the building in which plaintiff was employed) and the Globe Indemnity Company (hereinafter called indemnity company) as additional defendants. In its complaint against the indemnity company the elevator company alleged that additional defendant Globe Indemnity Company, did insure Pennsylvania Co. against loss from elevator accidents, and as such insurer, in accordance with the Act of May 2, 1929, P. L. 1518, as amended, additional defendant, Globe Indemnity Com-

pany, did undertake to make periodic inspections of the elevator of additional defendant, Pennsylvania Co. It further averred that the alleged accident was due to the negligence of additional defendant, Globe Indemnity Company. The Act of May 2, 1929, P. L. 1518, 35 PS §1341 et seq., provides:

"If an elevator is insured by a company authorized to insure elevators in this Commonwealth against loss from accident, the inspection may be made by an employe of such company, . . . Every inspector shall forward to the department a full report of each and every inspection made by any elevator, showing the exact condition of the said elevator. If this report indicates that the said elevator is in a safe condition to be operated, the department shall issue a certificate of operation . . . No elevator may be lawfully operated without having such a certificate conspicuously posted in the elevator, car, cage or platform, or adjacent to one of the entrances to such elevator."

The Supreme Court, in an opinion written by Chief Justice Maxey, held that the indemnity company, under the above act, owed a duty to members of the public who would use this elevator. He pointed out that when the indemnity company undertook to make periodic inspections of the elevator it should reasonably have foreseen that the natural result of the neglect to perform this duty would be injurious, not only to the other party to the contract, but also to persons lawfully using the elevator. He further said: "The source of this obligation is not only the contract between the Pennsylvania Company and the Indemnity Company; it finds 'its source' also 'in the law'." In other words, additional defendant, under the law, owed a duty directly to plaintiff. Its failure to make adequate inspections was the direct cause of the injury to plaintiff. Additional defendant's liability depended upon the same cause of action upon which plaintiff originally sued.

In the case at bar this is not so. There is no connection between the cause of action arising out of a breach of the common carrier's contract to carry and the cause of action upon which plaintiff originally sued to recover the purchase price of goods sold and delivered. To permit these two separate actions to be tried before the same jury would unnecessarily complicate the issues to be presented to it and such course is not required by Pa. R. C. P. 2252.