## Yanetti v. Kessler, Inc.

492

*Donald D. Dolbin* and *Conrad A. Falvello*, for plaintiff.

*Penrose Hertzler* and *Cletus C. Kilker*, for defendant.

*Hicks, Williamson, Friedberg & Jones, Franklin B. Gelder, G. Harold Watkins* and *A. D. Bavolack*, for additional defendants.

STAUDENMEIER, J., February 27, 1956.—This matter comes before the court on preliminary objections filed by Glen Alden Corporation, additional defendant, to defendant's complaint.

An action in trespass was instituted by plaintiff, Anthony Yanetti, against F. D. Kessler, Inc. Defendant joined Township of Kline and Glen Alden Corporation as additional defendants. The complaint of F. D. Kessler, Inc., against the added defendant, Glen Alden Corporation, avers, inter alia, that:

"On January 24, 1953, said additional defendant, Glen Alden Coal Company, was in control and possession, and was obligated to maintain and repair said road."

"On January 24, 1953, plaintiff, Anthony Yanetti, was operating his motor vehicle in a northerly direction aforesaid on Carl Avenue, when by reason of the condition, maintenance or lack thereof, and ownership of said public road the plaintiff's motor vehicle fell and dropped down a sixty (60) foot cut or embankment in said public road."

The complaint further avers:

"The negligence of the defendant, Glen Alden Coal Company, by and through its agents, servants and employees, consisted of the following:

"(a) In knowing or having reason to know that said road at the point of said accident was in a dangerous condition and failing to take proper steps to correct the said condition.

"(b) In allowing a dangerous condition to exist.

"(c) In failing to erect barriers, guard rails, and other protective devices at the point of the aforesaid accident.

"(d) In failing to direct that the aforesaid dangerous condition be corrected after having reasonable notice of said condition or having reason to know of the existence thereof.

"(e) In failing to place barriers and repair said road, and in maintaining the same in a defective condition, thereby creating a dangerous condition to the travelling public, and more particularly the plaintiff herein."

Defendant's complaint against Glen Alden Corporation further avers in substance that the additional defendant, Glen Alden Coal Company, pursuant to The Second Class Township Law of May 1, 1933, P. L. 103, filed a petition on December 1, 1952, wherein and whereby said Glen Alden Corporation undertook to open, make and repair highways and bridges in the Township of Kline for the fiscal year commencing January 5, 1953. This petition was approved by the Court of Quarter Sessions of Schuylkill County on December 1, 1952. A copy of the petition filed in the court of quarter sessions is attached to defendant's complaint.

The preliminary objections filed by the additional defendant, Glen Alden Corporation, consisted of an objection to the jurisdiction of this court and a demurrer, questioning the right of the original defendant

to join Glen Alden Corporation as an additional defendant. Glen Alden Corporation in its brief has abandoned the question of jurisdiction and has confined its argument solely to the demurrer which is as follows:

"The joinder of Glen Alden Corporation, formerly Glen Alden Coal Company, as an additional defendant is improper since Glen Alden Corporation's liability, if any, is based solely on a contract and it is not therefore solely liable to the plaintiff, nor jointly and severally liable with the defendant to the plaintiff, nor liable over to the defendant, on the cause of action declared upon by the plaintiff."

The additional defendant, Glen Alden Corporation, in its brief sets forth the contract between it and the Township of Kline. In the second paragraph of the contract, the additional defendant, Glen Alden Corporation, agreed as follows:

"Second: To indemnify and save harmless the said Township from all claims, damages, cost or expense of whatever kind for or by reason of any act or omission of said party of the first part, whereby any claim, suit, or other demand may be set up or recovered against said township."

The argument of the Glen Alden Corporation is that their only possible liability was purely contractual, being that of an express indemnitor.

There is no question in the instant case that the point where plaintiff was injured was on a section of road maintained by defendant Glen Alden Corporation. Their argument in substance is to the effect that they have a contract with the Township of Kline, and that in the trespass action by plaintiff against defendant Kessler, they cannot be joined as an additional defendant because they are an express indemnitor with the Township of Kline. In support of their position, they cite Murray v. Pittsburgh Athletic Company, 324 Pa. 486; Dively v. Penn-Pittsburgh Corporation,

332 Pa. 65; and Jones v. Wohlgemuth, 313 Pa. 388, wherein the rule of law has been stated that an express indemnitor could not be joined as an additional defendant in a trespass action since his liability was upon contract only, and not upon the tort action declared upon by plaintiff. To the same effect, the additional defendant cites Volta v. Markovitz Bros. Inc., 351 Pa. 243, and Wagner v. Hazle Township, 215 Pa. 219.

It is our opinion that the cases cited by the additional defendant, Glen Alden Corporation, are not applicable to the facts of the instant case. The basic argument of the additional defendant, Glen Alden Corporation, in citing these cases is to the effect that there was not only no privity of contract between plaintiff and the additional defendant, Glen Alden Corporation, but in addition to this there is no privity between the original defendant and the additional defendant.

In 45 C. J. 649, 650, §22, it is stated:

"The law may impose duties additional to those specified in a contract or independent of it, and one may owe two distinct duties in respect of the same thing, one of a special character to a particular individual, growing out of special relation to him, *and another of a general character to those who would necessarily be exposed to risks or danger or loss through the negligent discharge of such duty.*" (Italics supplied).

It is our opinion that the averments of the complaint by the original defendant against the additional defendant, Glen Alden Corporation, bring it within the scope of the latter portion of the quotation cited above.

In 45 C. J. 649, 650, §22, it further appears that:

"A fortiori, privity of contract is not necessary where there is no contract relation. The governing rule is that, where a person undertakes to do an act or discharge a duty by which the conduct of another

may be properly regulated and governed, he is bound to perform it in such a manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of negligent failure so to perform it, *and liability for negligence in the breach of this duty is in no way dependent upon the existence of any privity of contract between the person guilty of the negligence and the person suffering injury as a result thereof."* (Italics supplied).

The main question involved in this case is whether the additional defendant was negligent. As far as we are concerned, at this time, we must conclude that the averments of defendant's complaint are admitted by the additional defendant by reason of the filing of the demurrer.

Therefore the additional defendant, Glen Alden Corporation, admits the averment in paragraph 9 of the complaint that it "was in control and possession, and was obligated to maintain and repair said road." It likewise admits, as is set forth in paragraph 13 of the complaint, to having knowledge that the road was in a dangerous condition, that it permitted said condition to exist, failed to erect protective devices or to direct that the condition be corrected, failed to place barriers or make repairs and was negligent in maintaining the road in a defective condition, thereby creating a dangerous condition to the traveling public and more particularly plaintiff.

An examination of defendant's complaint indicates that the basis on which defendant asserts liability against the additional defendant, Glen Alden Corporation, is not any contract of indemnity, but rather the tortious conduct, both misfeasance and malfeasance, of one in possession and control of a public highway used by the traveling public.

In the Restatement of the Law of Torts, vol. 2, §387, it is stated:

"An independent contractor or servant to whom the owner or possessor of land turns over the entire charge thereof is subject to the same liability for harm caused to others within or outside the land by his failure to exercise reasonable care to maintain the land in safe repair as though he were the possessor of the land."

Also in said Restatement, §367, pertaining to public highways, appears the following:

"A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway, is subject to liability for bodily harm caused to them while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel."

Under the facts in this case, we are of the opinion that plaintiff Anthony Yanetti could have maintained an action in trespass against the Glen Alden Corporation, and this being so we must conclude that the original defendant, F. D. Kessler, Inc., can join as an additional defendant the Glen Alden Corporation.

In Sweeney v. Levy, 67 D. & C. 5, Lillian G. Sweeney, executrix for the estate of her husband, Allen F. Sweeney, deceased, brought an action in trespass against Morris Levy and Otis Elevator Company. The facts in brief were: Allen F. Sweeney was engaged in the furniture business and was delivering a mirror to a tenant of the second floor of an apartment house owned by Morris Levy, and while thus engaged, he attempted to use the self-operating elevator in the apartment to go to the second floor, fell down the elevator shaft and was killed by reason of the fact of a defective condition of a locking device controlling the door of the elevator. The Otis Elevator Company had entered into a contract with Morris Levy for the maintenance of said elevator.

Preliminary objections were filed by Otis Elevator Company to the effect that plaintiff could not maintain an action of trespass against it because there was no privity of contract between them.

The court in an opinion dismissing the preliminary objections said, page 12:

"Where one has the duty of repair and service with knowledge that the elevator is for the use of others than the purchaser, and it permits said elevator to become in a dangerous condition as a result of its negligence, and a third party is injured or killed, as a result of that negligence, it becomes liable to that person or his estate. The obligation of the elevator company, whether for misfeasance or nonfeasance, does not rest upon the contract between it and Morris Levy, *but is a common-law obligation devolving upon it to keep in a proper condition of repair that instrumentality which it controls, so as not to cause injury to a third party using said elevator.*" (Italics supplied).

We believe that an analogous situation exists in the instant case. The obligation of Glen Alden Corporation does not rest upon the contract between it and the Township of Kline, but it having taken over the road on which this accident happened, it was its duty to keep it in such condition so as not to cause injury to anyone rightfully using the said roadway.

The additional defendant Glen Alden Corporation's preliminary objection in the nature of a demurrer is overruled.

And now, February 27, 1956, the preliminary objections of the additional defendant, Glen Alden Corporation, are dismissed.

And now, February 27, 1956, upon motion of counsel for additional defendant, Glen Alden Corporation, an exception is allowed.