## Huckestein v. Jourdan

540

*Beck, McGinnis & Jarvis*, for plaintiff.

*John M. Reed*, for defendant.

*Dickie, McCamey, Chilcote, Reif & Robinson*, for additional defendant.

THOMPSON, J., March 1, 1956.—Plaintiffs in this case sued to recover damages sustained by their minor child on or about October 27, 1954, at Wexford, Pine Township, Allegheny County.

It is alleged that defendant, Grace Jourdan, was the owner of a dwelling house located on Longvue Avenue, Wexford, Pine Township, Allegheny County, which was occupied by parent plaintiffs under an oral month to month lease, that in June, 1954, defendant arranged for the installation of a new hot water heater in the basement of said dwelling house and that after said installation the old water heater, which had been detached and moved to another part of the basement, had fallen upon minor plaintiff.

Original defendant brought into the case D. N. Murrell Lumber and Supplies, Inc., as additional defendant alleging that the latter had installed a new hot water heater in original defendant's premises under an oral contract, which provided that additional defendant should remove the old hot water heater from the premises within a reasonable time, that additional defendant had not made such removal within a reasonable time and was, therefore, solely liable to plaintiffs for the injuries which had been sustained.

Original defendant contends that in the alternative additional defendant was primarily liable for the injuries sustained and original defendant only secondarily liable.

Preliminary objections were filed on the part of additional defendant on the ground that the relationship between original defendant and additional defendant was one of contract and that, therefore, additional defendant could not be brought in as a party to an action of trespass. The preliminary objections also set forth that the joinder of additional defendant was in violation of rule 2252 of the Pennsylvania Rules of Civil Procedure for the reason that if liability exists between defendant and additional defendant, it is based on a contract and not the cause of action declared on in plaintiff's complaint.

We are of the opinion that the preliminary objections are not well founded and should be dismissed.

It seems clear to us that plaintiffs in this proceeding could have sued additional defendant solely if they had so desired and could have done so in an action of trespass or that plaintiffs could have sued both additional defendant and original defendant in this action. If there was negligence in the disposal of the old hot water heater and original defendant's allegations are correct, which we must assume for our present purposes, then we think it was the right of original defendant to bring in additional defendant as a party.

Additional defendant relies upon the case of Volta v. Markovitz Brothers, Inc., 351 Pa. 243. In the latter case plaintiff sustained an injury in an elevator on certain premises at 321 Market Street, Philadelphia, of which defendants were lessees. An attempt was made to bring in the Otis Elevator Company as additional defendant "on the theory that this company was 'liable over' to the original defendant by reason of its breach of a service contract existing between the defendants and the additional defendant. The latter filed an affidavit of defense raising questions of law, pleading that the joinder was improper, since if any liability existed between the two defendants, it was

based solely on a *contract* and the Elevator Company was therefore *not* 'liable over to the defendant on the cause of action declared upon' by the plaintiff". In sustaining this contention the Supreme Court held at page 245:

"The court below properly held that: 'Any liability arising under this contract *would be a liability to the defendant exclusively, and not one to the plaintiff in the action*, between whom and Otis Elevator Co. there was no privity.' . . .

"In Murray v. Pittsburgh Athletic Co., 324 Pa. 486, 188 A. 190, the original defendant sought to join an additional defendant on the ground of 'liability over', *based on an alleged indemnity agreement.* The lower court refused joinder, and entered judgment for the additional defendant. We affirmed the action of the court below, saying in our opinion: 'If defendant has a cause of action against the Jacob Brothers on the indemnity agreement, it sounds in contract, not in tort, and hence the two-year statute does not bar it. But such a cause of action, based on contract, is separate and distinct from the cause of action forming the basis of plaintiff's suit, which is the injury caused plaintiff by defendant's negligence.' To the same effect is Dively v. Penn-Pittsburgh Corp., 332 Pa. 65, 2 A. 2d. 831.

"*Any liability of the indemnitor in this case* would have to be based upon its *contract* with the defendant and not upon the *cause of action* declared by the plaintiff. The rules of Civil Procedure do not change the law as we declared it in the case above cited." (Italics supplied.)

It is clear that the Supreme Court decided Volta v. Markovitz Brothers on the ground that the Otis Elevator Company had indemnified defendant under a contract with the latter, and with the conclusion which it reached and also with the result in Murray v. Pitts-

burgh Athletic Co., supra, we are entirely in accord. But, that is not the situation, we think, which confronts us in the present case.

While it is true that the pleadings disclose that there was a verbal contract for installation of a hot water heater, there was no contract of indemnity involved and the injury was one which was only incidental to the contract involved. Furthermore, the injury sustained was one for which additional defendant could have been directly liable to plaintiffs. This was not the case in Volta v. Markovitz Brothers, supra, where the Supreme Court quoted approvingly the lower court as saying:

" 'Any liability arising under this contract would be a liability to the defendant exclusively, *and not one to the plaintiff in the action. . . .*' " (Italics supplied.)

Being of the opinion that additional defendant was properly joined, the preliminary objection should be dismissed.