## Radel v. Long

548

*C. Russell Welsh, Jr.*, and *William V. Keller*, for plaintiff.

*Metzger, Wickersham & Knauss*, for defendant.

*P. W. Fetterhoff* and *James H. Stewart*, for additional defendant.

KREIDER, J., January 26, 1959.—This case comes before us on preliminary objections filed by the additional defendants, Earl F. Sheesley and Orpha Sheesley, his wife, to the complaint filed against them by the original defendant, Donald E. Long. Plaintiffs, Susan Marie Radel, a minor, and Paul H. Radel, her guardian, and Paul H. Radel and Mary L. Radel, her parents, originally filed an action in trespass against defendant Long in which they claim damages for injuries suffered by Susan, a child five years and 11 months old, who was struck by an automobile operated by defendant Long, in the Borough of Dauphin, in Dauphin County.

Defendant Long brought in the Sheesleys as additional defendants on the theory that they had been negligent in the performance of their duties as temporary custodians of the child in that the latter went into the street where she was struck by defendant's automobile. Defendant Long asserts that the Sheesleys are alone liable to plaintiffs-Radel or are jointly liable with him upon the cause of action declared by plaintiffs. The basic contention of defendant Long is thus stated in his brief:

"It is the position of the defendant Donald E. Long that the very appearance on the street, unprotected, of the four year old girl raises a prima facie case of

negligence against the additional defendants whose duty it was to protect said child. . . ."

Defendant cites no authority in support of this proposition but contends it is analogous " . . . to the established negligence doctrine whereby the Supreme Court has repeatedly held that the fact that an automobile is being operated on the wrong side of the highway makes out a prima facie case of negligence. Nixon v. Chiarilli, 385 Pa. 218, 122 A 2d 710, at 712." We are unable to perceive the relevancy of this contention and do not believe that it controls the issues before us.

The preliminary objections of the additional defendants allege that defendant's complaint against them should be stricken off since a cause of action in assumpsit cannot be asserted by the original defendant as grounds for joining additional defendants in an action sounding in trespass. The additional defendants have also asserted alternatively a demurrer and a motion for a more specific complaint demanding to be advised whether the alleged contract was written or oral, a copy thereof if written and a statement of the terms and conditions of the arrangement between plaintiffs and the additional defendants.

A consideration of the respective contentions of defendant and the additional defendants requires a

*Statement of the principal question involved*

Is defendant entitled to join the additional defendants as alone liable or jointly liable with him in an action in trespass brought for defendant's alleged negligent operation of a motor vehicle where the basis of the claim against the additional defendants is that they were contractually obligated to plaintiffs to perform certain custodial services which they failed to perform in a careful manner?

*Discussion*

With respect to the right to join additional defendants, Pa. R. C. P. 2252 (*a*) provides:

"(a) In any action the defendant or any additional defendants may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

The "cause of action," however, as to which the original defendant may bring in additional defendants is the cause of action declared on by plaintiff. Goodrich-Amram, in their Commentary on the basis of joinder of additional defendants, say:

"Under Rule 2252(a), joinder is permitted only if the additional defendant is (1) alone liable to the plaintiff for the cause of action declared upon by the plaintiff, or (2) liable over to the defendant in regard to such cause of action, or (3) jointly or severally liable with the defendant to the plaintiff on such cause of action.

"Joinder cannot be permitted on any other ground. . . . An additional defendant cannot be joined on the basis of a claim unrelated to the claim of the plaintiff against the defendant": 3 Goodrich-Amram, Procedural Rules Service, §2252(*a*)-5. See also 4 Anderson, Pa. Civ. Prac., Rule 2252, pp. 404-405 et seq.

A leading decision of our Supreme Court on the legal basis for the joinder of additional defendants is Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30 (1949), 66 A 2d 768. There a payee bank sued a collecting bank upon its guaranty of a prior endorsement of a forged check. Defendant joined as additional defendants two notaries who had acknowledged the signature of the endorser, who did not appear before them, upon forged mortgage documents, for which the check had been given, and the

surety on the bond of one of the notaries. It was alleged by the original defendant that each of these added parties was liable to plaintiff in the respective amounts which the latter was claiming from defendant, and was also liable over to defendant if the latter should be held liable to plaintiff. The additional defendants filed preliminary objections to the complaint, which objections were sustained by the court, and it was held that the additional defendants were not proper parties to the suit and should be stricken from the record. The Supreme Court, speaking through Mr. Justice Horace Stern, held that the joinder of the additional defendants was improper because of the dissimilarity of the causes of action and in disposing of the original defendant's contentions said, pages 41-42:

". . . Defendant, assigning this action of the court below as error, relies upon Pa. R. C. P. 2252(a), which provides that 'In any action the defendant . . . may file as of course a praecipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon . . .' But such reliance is obviously misplaced because defendant ignores the vital words: *'the cause of action declared upon.'* The rule in question, like the original Act of April 10, 1929, P. L. 479, which it replaced, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant: Jones v. Wohlgemuth, 313 Pa. 388, 390, 169 A. 758, 759; Murray v. Pittsburgh Athletic Co., 324 Pa. 486, 497, 498, 188 A. 190. 195; Volta v. Markovitz Bros., Inc., 351 Pa. 243, 40 A. 2d 388; Murray v. Lavinsky, 120 Pa. Superior Ct. 392, 395, 182 A. 803, 804. Because of the simi-

larity in the wording of the new rule and that of the Act of 1929 it was said in Volta v. Markovitz Bros., Inc., 351 Pa. 243, 245, 40 A. 2d 388, 389, that 'The rules of Civil Procedure do not change the law as we declared it in the cases above cited' [viz. Murray v. Pittsburgh Athletic Co., 324 Pa. 486, 188 A. 190, and Dively v. Penn-Pittsburgh Corporation, 332 Pa. 65, 2 A. 2d 831]. Plaintiff's action against defendant under the law governing negotiable instruments, and any right of recovery which might possibly be asserted by either plaintiff or defendant against the notaries public and their bondsmen, are so utterly distinct and unrelated that their joinder would inevitably result in transforming the simple issue between the original parties into issues of a totally different nature and governed by wholly different considerations . . ."

In Moore v. Brady, 60 D. & C. 263 (1947), plaintiff sued defendant in assumpsit to recover damages to plaintiff's automobile which defendant, without the knowledge or consent of plaintiff, entrusted to defendant's employe or agent, who operated the automobile upon a public highway where it was damaged when struck by another vehicle owned by Sunshine Stores, Inc., and alleged to have been negligently operated by the latter's employe. It was held by President Judge Schaeffer that Sunshine Stores, Inc., could not be joined as an additional defendant at the instance of defendant.

In Tele-Tone National Corporation v. Sheftz, 77 D. & C. 459 (1951), plaintiff brought suit against defendant for goods sold and delivered. Defendant attempted to join as additional defendants two common carriers, contending that they had broken a contract to transport the merchandise back to plaintiff. The court, speaking through President Judge Ervin, now a member of the Superior Court of Pennsylvania, held that the joinder was improper because based upon a

cause of action different from that on which plaintiff's action was declared.

In the instant case plaintiffs' action against defendant is based on the alleged negligence of the latter in the operation of his motor vehicle while defendant's claim against the additional defendants appears to be based on the asserted violation of the contract obligation of the additional defendants to "care for, look after, control, supervise and protect" plaintiffs' minor child. Defendant avers that this obligation was breached by the additional defendants and that the mere fact that the child appeared in the street was prima facie evidence of its custodians' negligence. No case is cited in support of this contention, as above stated, nor are the terms or scope of the alleged contract of employment set forth.

Whether defendant's claim against the additional defendants sounds in contract, as the additional defendants contend, or in trespass, as captioned, does not necessarily control the disposition of the issues before us, as was pointed out by President Judge Rupp of this court in Pennsylvaina Railroad Company v. Myers, 67 D. & C. 430, 435 (1949), wherein he said:

"We repeat, the principle enunciated by the Supreme Court is based on the conclusion that a defendant may not bring in as an additional defendant a person who is not liable upon the cause of action declared upon. We fail to see how the character of the actions involved is material. Moreover, there is nothing in any of the foregoing decisions to support a conclusion that the principle applies where one cause of action is in tort and the other in assumpsit, but is inapplicable where, as here, both causes of action are in assumpsit."

We believe the test is whether the original defendant's complaint is related in substance to the complaint of plaintiff against defendant. In the instant case, we think the cause of action relied upon by the original

defendant in joining the additional defendants is separate and distinct from the cause of action declared upon by plaintiffs against defendant. As was said by President Judge Ervin in Tele-Tone National Corporation v. Sheftz, supra, page 465: "To permit these two separate actions to be tried before the same jury would unnecessarily complicate the issues to be presented to it and such course is not required by Pa. R. C. P. 2252." To the same effect are Globe Electric Repair Co. v. Eagle Indemnity Co., 79 D. & C. 201, (1951); Chandler v. McKean, 14 Monroe 81 (1952); Gelzer v. Lyons Acceptance Corp., 68 York 164 (1954); Zeigler Lumber Company v. Ryan, 85 D. & C. 498 (1952).

And now, January 26, 1959, the preliminary objections of the additional defendants to the original defendant's complaint are sustained and the joinder of Earl F. Sheesley and Orpha Sheesley, his wife, as additional defendants is set aside.