HEIMBACH, P. J.,
— We have before us for disposition defendant Emma Danchak’s[1] preliminary objections to defendant Split Rock Lodge, Inc.’s new matter in its answer to plaintiff’s complaint.
She says:
“1. The New Matter contains in paragraphs 11, 12, 13, and 14 allegations of a contractual nature, between the defendants named in this action, concerning indemnification agreements.
“2. The allegations contained in the New Matter containing indemnification agreements between Split Rock Lodge, Inc. and John Danchak and Emma Danchak are- impertinent, and violate Pennsylvania Rule of Civil Procedure No. 1017 (B) 2.
“WHEREFORE, defendant requests that the Answer containing New Matter of the Split Rock Lodge, Inc., be stricken for the reason of containing impertinent matter.
“3. The Split Rock Lodge, Inc. Answer contains provisions of an indemnification agreement between the defendants and raises issues solely between the defendants, not involving the plaintiff, and as such cannot be pleaded and/or determined in this action filed by the plaintiff.
“WHEREFORE, defendants demand that , the Answer containing New Matter by the Split Rock Lodge, Inc., be dismissed.”
Thus the sole issue we are to decide is whether or not a defendant may include in new matter the defense of an indemnity agreement as against the remaining defendant.
Pennsylvania Rule of Civil Procedure 2252(a) provides:
*499 “In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff’s cause of action is based.”
and in (d) provides:
“If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or hable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint.”
The present rule, in its amended form, became operative September 1,1969, and is applicable to all actions pending at that time.
Prior to this amendment what was said by the Supreme Court in Lloyd v. Victory Carriers, Inc., 402 Pa. 484 (1960), would have disposed of the question we are to decide and we would have, forthwith, sustained the preliminary objections. The court said this, at page 491:
“The well-established principle in our Pennsylvania courts is that the defendant’s alleged contractual right to indemnification must be determined in a separate action in assumpsit and cannot be adjudicated in a trespass suit for personal injuries. Donnelly v. Fred Whittaker Company, 364 Pa. 387, 72 A. 2d 61 (1950); *500 Volta v. Markovitz Brothers, Inc., 351 Pa. 243, 40 A. 2d 388 (1945); Dively v. Penn-Pittsburgh Corporation, 332 Pa. 65, 2 A. 2d 831 (1938); Murray v. Pittsburgh Athletic Company, 324 Pa. 486, 188 Atl. 190 (1936); Jones v. Wohlgemuth, 313 Pa. 388, 169 Atl. 758 (1934).
“The rationale or the principle referred to is clear. To include the additional defendant in this trespass action would complicate this suit by combining two separate causes of action in one trial. The procedural difficulties in such joinder are evident. See Land Title Bank & Trust Company v. Cheltham [Cheltenham] National Bank, 362 Pa. 30, 66 A. 2d 768 (1949).”
Reference was made by the court to rule 2252(a), at page 488, in the following fashion:
“The question then becomes whether joinder should be allowed under Rule 2252 of the Pennsylvania Rules of Civil Procedure: Xa) In any action the defendant or any additional defendant may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him.’ ”
The difference in amended rule 2252(a), supra, and rule 2252(a) prior to amendment is readily apparent. In the earlier rule, joinder of an additional defendant was only permissible when it arose out of the cause of action declared upon by plaintiff. The amended rule permits joinder arising out of the cause of action declared upon or any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff’s cause of action is based. (Italics supplied.)
In 4A Anderson Pa. Civ. Pract. 2252.10 (Pocket Parts) the following appears:
*501 “By the Amendment of 1969, the three pre-existing grounds for the joinder of an additional defendant have been expanded so as to include any claim of the moving party against the additional defendant which arises out of the same factual background as the plaintiff ’s cause of action49-1.”
In the footnote 49.1 Anderson says this:
“Pa. R.C.P. Rule 2252(a) describes this ground for joinder in the following terms: ‘. . . or who may be liable to the joining party on any cause of action which he may have against the joining party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff’s cause of action is based.’ It appears that these quoted words must be interpreted as though they stated: \ . . or who may be liable to the joining party on any cause of action which he [the joining party] may have against the additional party arising out of ... ’ That this is the proper construction is confirmed by the language of the 1969 Amendment of Pa. R.C.P. Rule 2252(d) which refers to the additional party’s being. . hable to the joining party. . . . ’”
We adopt the statement of Judge Lippincott in Caldearo v. County of Delaware, 50 D. & C. 2d 147, at page 149:
“Although no cases on point have been brought to the court’s attention, it would certainly appear that the 1969 amendment has abolished this absolute limitation.[2] Factually, in almost every indemnification case, and certainly in the case at bar, plaintiff’s claim against defendant, and defendant’s claim against his *502 indemnifier, the additional defendant, [in the instant case, the party defendant] arise out of precisely the same occurrence or series of occurrences. To deny joinder under such circumstances would be to ignore totally the 1969 amendment and the plain intent of the Supreme Court amendment. For concurrence, see 4A Anderson Pa. Civ. Pract. §2252.37 (1970).”
We are not of the opinion that any grave procedural difficulties will arise by combining two separate causes of action in one trial and the avoidance of multiple suits is to be encouraged.
Wherefore, we enter the following
ORDER
Now, to wit, June 3, 1971, defendant’s preliminary objections are dismissed.

John Danchak now is deceased.

 That a cause of action arising from an express contract of indemnity is not based upon the cause of action declared upon by plaintiff and may not be asserted as a defense in an action of trespass.